BROWN *et al. v.* SOUTHERN RAILWAY COMPANY.

The third and fourth sections of the act approved August 23, 1905 (Acts of 1905, p. 425), providing for the levying and collection of a local tax by school districts laid off in the manner prescribed, are inoperative, inasmuch as the method provided for the assessment of the tax is antagonistic to art. 7, section 2, par. 1, of the constitution, because an ad valorem tax is imposed only upon the property of those taxpayers required by law to make return of their property to the county tax-receiver, and not upon the property of another class of taxpayers, such as railroad companies, who are required to make returns to the comptroller-general.

Argued June 4,—Decided July 2, 1906.

Injunction. Before Judge Reagan. Henry superior court. April 16, 1906.

Upon the petition of the Southern Railway Company, the court below granted a temporary injunction to restrain the enforcement of a tax execution issued against that company by A. N. Brown, as secretary and treasurer of the board of trustees of the McDon-

ough school district of Henry county, and levied by the sheriff of that county upon depot property belonging to the railway company. The execution purported to have been issued to collect the sum of $436.66, "the amount of school tax for McDonough Sub-school district for the year 1905" due by the "Southern Railroad." The main ground upon which the company relied in support of its contention that the execution was proceeding illegally was, that the act of August 23, 1905, by virtue of which the tax was claimed to be due, did not provide any machinery for the assessment of a local school tax upon railroad property, but in express terms restricted the laying of a tax upon such property only as was by law directed to be returned for taxation in the county in which the school district was located, and could be ascertained "from the tax digest of the county." See Acts of 1905, p. 428. In this connection, the point was urged that under the general laws of force in this State, which were in no way affected by the provisions of that act, railroad companies were required to make tax returns to the comptroller-general, not to the county authorities, and therefore all railroad property was necessarily excluded from the operation of the act, in so far as the laying of a tax for the support of district schools was concerned. The plaintiff company also attacked the act as unconstitutional, because the title thereof was not broad enough to cover that provision in its body relative to the assessment, levy, and collection of a school district tax; and the railway company further insisted that the McDonough school district had not been laid off and established in accordance with the terms of the act of 1905, nor had the school board been regularly and legally organized. The additional contention was advanced, that even were the act in question not open to the objections urged against it, the General Assembly did not thereby authorize or contemplate the levying of a tax thereunder for the remaining portion of the year 1905, the act not having been passed until the latter part of August. The defendants appeared in court and resisted the granting of the injunction, introducing evidence to support their claim that the McDonough district was legally established and the school board regularly organized, and also urging their contention that the act of 1905 furnished authority for the assessment, levy, and collection of the tax for which the railway company was sought to be held liable. Being dissatisfied with the judgment of the court below, the defendants bring the case to this court for review.

*Brown & Brown* and *G. W. Bryan,* for plaintiffs in error.

*Charlton E. Battle,* contra.

EVANS, J.   (After stating the facts.)   In the case of the *Georgia R. Co.* v. *Hutchinson,* ante, 762, the act of August 23, 1905, providing for the establishment of district schools, was under consideration by this court, and that act was held to be constitutional and capable of being carried into effect, so far as the levying and collection of the local school tax authorized by the second section thereof was concerned, though it was not contemplated by the General Assembly that the tax should be assessed and collected for the year 1905.   The present case, however, presents an entirely different question.   So much of the act as provides for the levying and collection of a local tax by school districts laid off in the manner prescribed is attacked as void, because it excludes from the scheme of taxation all railroad property, the 4th section of the act providing that the following method of assessing the tax shall be pursued: "The secretary of the board of trustees, with the aid of the county school commissioner, shall ascertain from the tax digest of the county the tax returned on all property in said school district, and by the first day of October in each year shall levy such a rate on the property thus found that will raise the total amount to be collected; provided, that said rate shall not exceed three-quarters of one per cent."   Acts of 1905, p. 428.   Thus, the authority of the assessors in levying the tax provided for any local school district is expressly limited to the laying of a tax upon property of which a return has been made to the tax-receiver and of which an entry has been made upon his digest.   Railroad property is not returned to the tax-receiver, but, under express provision of law, must be returned to the comptroller-general.   It is therefore apparent that the act of 1905 does not authorize the imposition of the tax upon such property of a railway company as may be located within a particular school district.   The constitution of this State declares that "All taxation shall be uniform upon the same class of subjects, and ad valorem on all property subject to be taxed within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws."   Civil Code, §5883.   A statute which undertakes to impose an ad valorem tax upon the property of certain taxpayers, and exempts from its operation the property of another class of taxpayers subject to be taxed

within the territorial limits of the authority levying the tax, is void by reason of conflict with the constitutional provision just quoted. *Verdery* v. *Summerville, 82 Ga.* 138. Therefore, not only does the 4th section of the act of 1905 afford no authority for levying a tax on railroad property, but the act is necessarily inoperative as to all other taxpayers, in so far as it relates to the assessment and collection of a local tax for the support of district schools established in accordance with the provisions of the third section of the act.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*