## GRIFFIN *et al. v.* BROOKS *et al.,* trustees.

If a school district was legally laid out, and an election of trustees was held therein under the act of August 23, 1905 (Acts 1905, p. 425), the fact that the portion of that act relating to local taxation by districts for school purposes was held to be unconstitutional (*Brown* v. *Southern R. Co.,* 125 *Ga.* 772) did not oust the trustees from office; nor did the act of August 21, 1906 (Acts 1906, p. 61), amending the act of 1905, have that effect.

Submitted June 24,—Decided December 21, 1907.

Petition for injunction.    Before Judge Freeman.    Carroll superior court.    April 30, 1907.

*Beall & Adamson* and *J. M. Moore,* for plaintiffs.

*S. Holderness,* for defendants.

LUMPKIN, J.    After the passage of the act of August 23, 1905, entitled "An act to provide for the creation and operation of local tax district schools, for the levying and collection of local tax by counties for educational purposes, for the laying off of counties in school districts, and for other purposes" (Acts 1905, p. 425), an election was held in a school district in Carroll county, which is called in the record Wesley Chapel District, to decide as to whether or not that district would adopt the local taxation for public schools as provided in the act, and also to elect a board of trustees for the district.    At a later date this court held that the provisions in the act of 1905 for collecting a local tax by school districts, laid off in the manner prescribed, were inoperative as violating the constitutional requirement on the subject of uniformity in taxation.    *Brown* v. *Southern Ry. Co.,* 125 *Ga.* 772.    In 1906 an act was passed to amend the act of 1905 (Acts 1906, p. 61).    Certain persons, alleging that they were residents of Carroll county and of the Wesley Chapel District, and property owners and taxpayers in that district, filed an equitable petition, seeking to enjoin the trustees who had been elected from acting until another election should be held.    The injunction was denied, and the complainants excepted.

No complaint is made in regard to the laying out of the district or the election of the trustees, except that it is contended that the decision in *Brown* v. *Southern R. Co.,* supra, rendered invalid such election; that if this did not alone accomplish that result, it was completed by the act of 1906; and that it was necessary after that act to re-elect trustees for the district.    This argument involves a misconception both of the decision of this court and of the act of the legislature of 1906.    What the Supreme Court decided was, that so much of the act of 1905 as provided for the levying and collection of a local tax by school districts laid off in the manner prescribed therein was void, because it did not include in the scheme of taxation railroad property, and therefore violated the requirement in the constitution that taxes should be uniform and ad valorem on property subject to be taxed within the territorial

limits of the authority levying such tax. It was not held that the entire act was void. On the contrary a portion of the act was held to be constitutional, in *Georgia R. Co.* v. *Hutchinson*, 125 *Ga.* 762. The act of 1906 was not intended to repeal that of 1905 entirely, or to destroy all legal steps which had been taken under it. The later act declared in its caption that it was one amending the former. It was curative and remedial rather than destructive and repealing in its character. In so far as its provisions amended or superseded those of the act of 1905, the former act became inoperative; but otherwise it was substantially re-enacted. The election for local taxation in the district, under the act of 1905, became of no avail when that portion of the act was declared unconstitutional. In order to have local district taxation, an election for that purpose would be necessary in accordance with section four of the act of 1906. Dealing with the only point made in this record in regard to the validity of the election of trustees, we hold that it was not well taken. This renders it unnecessary to consider the question of estoppel, set up by the defendants.

*Judgment affirmed. All the Justices concur, except Holden, J., who did not preside.*