## DOLVIN et al. v. LEWIS, tax-collector, et al.

A local school district election to authorize the levy and collection of the tax provided for in the act of 1905 (Acts 1905, p. 425), (which tax was declared unconstitutional in *Brown* v. *Southern Ry. Co.*, 125 *Ga.* 772, 54 S. E. 729), held prior to the amending act of 1906, (Acts 1906, p. 61), will not warrant the assessment and collection of the tax provided for in the amendatory act.

Submitted May 4,—Decided July 14, 1908.

Petition for injunction. Before Judge Worley. Greene superior court. February 25, 1908.

*James Davison,* for plaintiffs. *S. H. Sibley,* for defendants.

EVANS, P. J. By an act approved August 23, 1905 (Acts 1905, p. 426), the General Assembly provided for the creation and operation of local tax district schools, for the levying and collection of a local tax by counties for educational purposes, for the laying off of counties into school districts, and for other purposes. Pursuant to the act of 1905 the county of Greene was divided into school districts, and in September, 1905, an election was held in the Siloam school district to determine whether a local school tax should be levied in that district, and the election resulted favorably to the levy of such tax. In *Brown* v. *Southern Ry. Co.*, 125 *Ga.* 772 (54 S. E. 729), this court decided that so much of the act of 1905 as provided for the levy and collection of a local tax by school districts laid off in the manner prescribed therein was void, because it did not include in the scheme of taxation railroad property, and therefore violated the requirement of the constitution that taxes shall be uniform and ad valorem on property subject to be taxed within the territorial limits of the authority levying the tax. In 1906 (Acts 1906, p. 61) an act was passed to amend the act of 1905 so as to cure this defect. An election was held in the Siloam district prior to the enactment of the amendatory act of 1906. In 1907 a tax was levied on the taxable property of the Siloam school district, and certain taxpayers sought to enjoin the levy of the tax fi. fas. issued against them, on the ground that the election held under the act of 1905 was a nullity. The court denied the injunction, and they except.

The main and controlling question is whether the election held under the act of 1905 authorizes the collection of a tax under the act of 1906. The argument advanced to support the affirmative

contention is that the act of 1905 comprehended three separate and distinct propositions: (1) to determine whether schools in local districts shall be supported by taxation, (2) the selection of trustees for the administration of the local schools, and (3) a provision for the machinery to collect the tax; and that the scope of the decision in *Brown* v. *Southern Ry. Co.,* supra, was to uphold the first two propositions, and to invalidate the last, because the machinery for the collection of the tax offended a clause of the constitution. And the conclusion is sought to be drawn, that the machinery is no such integral feature of the election held under the act of 1905 as to annihilate the other features; that if the machinery for the collection of the tax can not be made to work on account of a constitutional clog, the provision in the act for popular assent to levy a tax is not affected by this defect. The fault of the argument lies in the assumption that under the act of 1905 the election authorized the collection of a tax to be levied in a constitutional way, whereas, as decided in the *Brown* case, the election was to determine whether the tax as provided in the act of 1905 should be assessed and collected. The tax authorized by the act of 1905 was an unconstitutional tax, and when the citizens of the Siloam district voted to levy an unconstitutional tax, they, in effect, did not vote for any tax. The authority given to levy a void tax can not be construed to authorize a valid tax. That portion of the act of 1905 relating to district schools provided for two general features; one embracing the location and definition of the school districts and the administration and government of the schools therein, and the other concerned the sources of revenue for the support of the schools. In *Griffin* v. *Brooks,* 129 *Ga.* 698 (59 S. E. 902), this general analysis of the act was recognized, and it was held that trustees elected under the act of 1905 were not ousted from office because the tax provided for the support of the schools could not be constitutionally enforced, nor by the act of 1906, but "the election for local taxation in the district, under the act of 1905, became of no avail when that portion of the act was declared unconstitutional. In order to have local district taxation, an election for that purpose would be necessary in accordance with section four of the act of 1906." Perhaps so much of what was said in that case respecting the effect of an election held under the act of 1905 before its amendment in 1906 may not have been

absolutely necessary for the decision of the case; yet it was the complement of the proposition for decision. We therefore hold that the court erred in refusing the injunction.

*Judgment reversed. All the Justices concur.*