JORDAN, tax-collector, *v.* FRANKLIN *et al.*

Where, after the passage of the act of 1905 (Acts 1905, p. 425), but before the amending act of 1906 (Acts 1906, p. 61), which made provision to cure the unconstitutional feature of the former act, as ruled in *Brown* v. *Southern Railway Company*, 125 *Ga.* 772, a local election to authorize the levy and collection of an educational tax in a school district was held, being then without constitutional authority, it did not warrant the assessment and collection of such a tax.

Submitted June 1,—Decided October 14, 1908.

Injunction.  Before Judge Reagan.  Pike superior court.  January 20, 1908.

*E. C. Armistead,* for plaintiff in error.

*C. J. Lester* and *O. T. Lester,* contra.

LUMPKIN, J.  Franklin and others, suing in their own right and in behalf of any other citizens and taxpayers who might come in and be made parties, brought their equitable petition against Jordan, as tax-collector of Pike county, to enjoin the collection of certain taxes sought to be levied and collected in the Meansville district for school purposes, under the act of the legislature approved December 23, 1905.  The presiding judge granted an interlocutory injunction, and the defendant excepted.  The election in regard to imposing a local tax in the school district was held after the passage of the act of August 23, 1905 (Acts 1905, p. 425), but before the passage of the act of August 21, 1906 (Acts 1906, p. 61.)  In *Brown* v. *Southern R. Co.,* 125 *Ga.* 772 (54 S. E. 729), it was held that the act of 1905 (Acts 1905, p. 425), in so far as it provided for the levying and collection of a local tax by school districts, was unconstitutional.  In *Griffin* v. *Brooks,* 129 *Ga.* 698, 700 (59 S. E. 902), it was said that an election for local taxation in a school district, held under the act of 1905, became of no avail when that portion of the act was declared unconstitutional, and that, in order to have local district taxation, an election for that purpose would be necessary in accordance with the curative act of 1906.  While this may not have been essential

to the decision of the case then under consideration, it was followed and directly ruled in the case of *Dolvin* v. *Lewis,* ante, 29 (61 S. E. 913). In *Sellers* v. *Cox,* 127 *Ga.* 246, it was suggested that there might be a case of estoppel from contesting the levy and collection of a tax under a law subsequently found to be unconstitutional; but the actual ruling was that the act then under consideration was unconstitutional, and that the plaintiffs were not estopped. The difference between irregularities in an election under a valid legislative enactment, and a case where the provision of the act on which the election was based was unconstitutional and conferred no authority to hold an election, was clearly pointed out. It is unnecessary to discuss whether a case might arise in which parties would be estopped from urging the unconstitutionality of an act of the legislature. In the case at bar certainly no estoppel is shown as against some of the plaintiffs. The proceeding was on behalf of the plaintiffs and other taxpayers who might join with them. The presiding judge granted the interlocutory injunction, instead of refusing it, as in *Irvin* v. *Gregory,* 86 *Ga.* 605. In the opinion in that case also it was stated that the suit was not brought on behalf of the citizens generally, but for the separate benefit and protection of the plaintiffs; and the failure to advertise was there treated as an irregularity. None of the other grounds urged against the grant of the interlocutory injunction are such as to show it to be erroneous and require a reversal. The views above expressed being controlling in their character, the exceptions taken to rulings in regard to the admission of certain evidence will not be discussed in detail.

          *Judgment affirmed. All the Justices concur.*