## MABRY et al. v. FULLER et al.

Under the pleadings and evidence in the case, there was no abuse of discretion on the part of the court below in refusing to grant the injunction sought.

Decided February 16, 1910.

Petition for injunction. Before Judge Kimsey. Hall superior court. February 17, 1909.

*A. C. Wheeler* and *J. G. Collins,* for plaintiffs.

BECK, J. Mabry and others, alleging that they were citizens and taxpayers of Center school district in Hall county, presented their petition to the superior court, praying for injunction against the levy and collection of a local tax for the school district, and, as grounds for the application for the injunction sought, alleged, among other things, that the school district itself had not been properly laid off and marked out; that the county itself had not been, at the time of the election to determine the question of local taxation, legally laid off into school districts; that the notice required by law, of the time and place of holding the election, had not been given; that the election had been ordered upon an insufficient petition; and that the election which was held to determine the question of local taxation was illegal and invalid upon other grounds hereinafter referred to.

The burden of proof to establish the several grounds of attack upon the validity of the election rested on petitioners asserting such invalidity. The court below was of the opinion that this burden had not been carried by the plaintiffs, and refused the injunction; and in view of the pleadings and evidence in the case we do not think that the court erred. The defendant in error submitted affidavits of H. V. Johnson and John L. Gaines, to the effect that they and H. H. Beard were appointed a special committee by the board of education to define the boundaries of Center school district; that deponents agreed upon definite boundaries for the district and appeared before the board some time in the winter of 1906-07, some months before the election was called to determine the question of a local tax for said school district, and at that meeting reported the following as the boundaries of the district, to wit: "Beginning at the west corner of the district on lands of H. V. Johnson, on the Chattahoochee [river] on mouth of Big creek, thence following said river north to Flowery Branch creek,

thence with Flowery Branch creek southeast to the Southard mill, thence an old mill road to the railroad on property owned by Eli Carlisle, thence with R. R. to culvert over Big creek on property owned by Joseph Brown, thence a west course following Big creek to the beginning corner;" that the board agreed to said boundaries, accepted and approved the same as satisfactory, and deponents were informed by members of the board the same day that the district had been established.    Also, the affidavit of Homer A. Langford, to the effect that he was a member of the board of education at the time above referred to, remembers that Johnson, Gaines, and Beard were appointed as a committee to define the boundaries of the school district, that they did so, and their report was unanimously approved by the board, the boundaries being the same as those stated in the affidavits of Johnson and Gaines.    Affidavit of T. H. Robertson, to the effect, that he was the county school commissioner of Hall county in 1906; that while he was commissioner the board of education laid off the county into school districts; that the same was laid off on a map of said county now in the office of the county school commissioner, and the districts marked thereon; that all of the districts were marked at and during meetings and by the board of education or under its direction, and to the best of his recollection the lines of Center school district were laid off on the map while he was commissioner; and that he knows that while he was commissioner the board of education established said district and agreed to the boundaries of the same.    It also appears from the certified records of the court of ordinary, put in evidence by the defendants in error, that the election for local school tax for Center school district was duly ordered, and that notices of the same in terms of the statute were ordered to be posted as required by law.    The fact that these notices were not signed did not render them ineffectual or illegal, as the law does not require that they should be signed by any official.    There were points of conflict between this and certain evidence introduced by petitioners, but it was within the province of the court below to settle such conflicts.

The statute provided that two thirds of those voting at elections for the local tax provided for in the act approved August 21, 1906, should be necessary to carry the election for local taxation for public schools.    In the election upon the result of which depends the right to enforce the tax sought to be enjoined, the requisite

proportion of those voting cast their ballots for local taxation. But it is alleged that nine qualified voters went to the polls at the time the election was held, intending to vote against the local taxation, and left the election precinct and went away without voting, because they were informed by John L. Gaines Sr., who was one of the "promoters" of the election and who afterwards acted as a manager, that no election would be held on that day; and petitioners urge that this conduct on the part of Gaines amounted to such fraud as to vitiate the election. It does not seem possible that it could be seriously contended that persons who go to an election precinct on the day of election can accept, without question, from one who afterwards happens to be sworn in as a manager of the election, a misleading statement, even though it is intended to mislead, and, failing in consequence thereof to vote, afterwards be heard to urge that, in consequence of the deception practiced upon them, the results of the election, in which the public are vitally interested, should be set aside. And equally ineffectual as showing fraud which could vitiate the election is the allegation that two qualified voters, who went to the polls with the intention of voting against the school tax, were induced to vote for it by the false representation on the part of some of the managers of the election that if the election was carried it would be of force but one year, and that the tax would not exceed a certain per cent.

The failure upon the part of the officials whose duty it was to levy and collect the tax, to enforce the same against certain property in the district, afforded no reason for restraining the collection of the tax against other taxpayers.

The evidence touching the question as to whether the ordinary had declared the result of the election was not of such character as to require a finding that the result had not been declared.

The question raised in the pleadings as to the constitutionality of the act of 1906 is not referred to in the brief of counsel, and the point made is therefore treated as abandoned.

There were other attacks made in the pleadings upon the validity of the tax in question, but they are not of sufficient materiality to require discussion. Considering the pleadings and all the evidence, it does not appear that the court abused his discretion in refusing the injunction.

*Judgment affirmed. All the Justices concur.*