LANSDELL *et al. v.* KING, tax-collector, *et al.*

LUMPKIN, J. 1. The act of August 23, 1905 (Acts 1905, p. 425), as amended by the act of August 21, 1906 (Acts 1906, p. 61), declares that within thirty days after the passage of the act, or as soon thereafter as practicable, it shall be the duty of the county board of education of each county in Georgia to lay off the county into school districts, and directs the manner in which the lines shall be defined. It then provides, that, "within ninety days after the board of education has laid the county off as required in section I, the said board of education shall order the citizens of the several school districts to hold an election for the purpose of electing three trustees for each district in the county." It further provides for the ordering by the ordinary of an election in any school district in a county not levying a local tax for educational purposes, upon petition of one fourth of the qualified voters. It then declares, that, "in those districts which levy a local tax for educational purposes, the board of trustees shall make all rules and regulations to govern the schools of the districts," and that the secretary of the board of trustees of the district, with the aid of the county school commissioner of the county, shall make a digest, and a levy of the local school tax shall be based thereon. *Held*, that under the provisions of this act the county board of education is required to lay off the county into school districts, and, "after the board of education has laid off the county as required," the school trustees are to be elected for each district in the county. There is no authority of law for a board of education of a county to disregard these positive requirements and to merely arbitrarily lay off a school district in one part of a county, leaving the balance of the county undivided. A school district thus sought to be created is not lawful, and the authorities can not proceed to have an election therein to determine the question of levying a local tax for school purposes.

2. The county board of education of Columbia county, on May 7, 1907, adopted the following resolutions: "After discussing at length the school district situation, motion was carried that each white school in the county be regarded as the center of the various school districts. The school districts thus regarded shall comply with the requirements of section I of the McMichael act as amended 1906. Whenever the white citizens of any school district want to supplement the said school funds by levying a special school tax, the boundaries of said district or districts shall be definitely fixed by the county surveyor under the direction of the county board of education. It was ordered that the Harlem school district be surveyed by the county surveyor and plat made." Under this resolution a district was laid off under the name of the Harlem school district. At other times two other school districts were laid off. But the county was never divided into school districts, and a large part of it remained undivided, including long and irregularly shaped strips of territory intervening between the districts thus laid off. *Held,* that this was neither a literal nor a substantial compliance with the law; that the Harlem district thus established was not a lawful school district, and an election within such district for the determination of the question of imposing a local tax therein was illegal.

3. Upon due and proper application by citizens and taxpayers of the district in which it was sought to levy a local school tax by virtue of an election held as indicated in the preceding headnotes, an injunction should have been granted.

4. The petition was brought by the petitioners on behalf of themselves and other citizens and taxpayers similarly situated. The pleadings and evidence differentiated it from the case of *Irvin* v. *Gregory*, 86 *Ga.* 605 (13 S. E. 120). See *Jordan* v. *Franklin*, 131 *Ga.* 487 (62 S. E. 673).

*Judgment reversed.    All the Justices concur.*

MAY 11, 1910.

Petition for injunction. Before Judge Hammond. Columbia superior court. March 11, 1910.

*John T. West,* for plaintiffs.

*Lamar & Callaway,* for defendants.