### JARRELL, sheriff, *et al. v.* DAVIS *et al.*

HOLDEN, J. 1. On December 21, 1905, the county board of education of Meriwether county laid off that county into school districts. A map of the county thus laid off was filed with the ordinary of the county. On June 12, 1909, an election was held in the Bullochville school district of such county, on the question as to whether the funds received from the State public-school fund should be supplemented by levying a tax for educational purposes in such district, and on June 23, 1909, the ordinary of the county declared the result of such election to be in favor of local taxation for public schools. In 1910 the secretary of the board of trustees of such district, with the aid of the county school commissioner of the county, made a digest of all property in such district subject to taxation. The trustees determined the amount necessary to be raised by local tax on the property in the district for local taxation for public schools therein. In 1910 the secretary of the board of trustees, with the aid of the county school commissioner, levied a tax of five mills on such property. The trustees had erected a schoolhouse for such district in Bullochville, for which they still owe about $1,000. *Held,* that where an election was held in June, 1909, in a school district laid off under the act of 1905 (Acts 1905, p. 425), on the question as to whether there should be local taxation to supplement the public-school fund for public schools in such district, the fact that the district was laid off under the act of 1905, and before the passage of the act of 1906 (Acts 1906, p. 61), did not render such election invalid. See *Griffin* v. *Brooks,* 129 *Ga.* 698 (59 S. E. 902).

2. A controversy arising as to the location of the school site in a particular district in a county which has been laid off into school districts must be determined by the county board of education; and a court of equity will not entertain jurisdiction of such matter, but will remand the parties to their legal remedy. *Meadows* v. *Board of Education,* 136 *Ga.* 153 (71 S. E. 146).

3. Where a school site has been located in a school district by the proper officials, a school building been erected thereon, and a tax levied by the proper authorities on the property in the district, for the purpose of paying for such building and the maintenance of the school therein for a given year, the collection of such tax will not be enjoined at the instance of a taxpayer of such district, living within three miles of such school site, on the ground that the district contains territory more than three miles distant from the school site, which territory was included in the district without the written consent of two thirds of the qualified voters thereof.

4. The failure upon the part of the officials whose duty it is to levy and collect the school tax of a district under the act of 1905, as amended by the act of 1906, to enforce the same against certain property in the district belonging to one whose name was inadvertently, or even purposely, left off the regular digest of the property in the district, affords no reason for restraining the collection of the tax against other taxpayers. *Mabry* v. *Fuller,* 133 *Ga.* 831, 833 (67 S. E. 91).

5. The judge of the superior court erred in granting an interlocutory injunction.

*Judgment reversed. Beck, J., absent. The other Justices concur.*
OCTOBER 12, 1911.

Injunction. Before Judge Freeman. Meriwether superior court. June 9, 1911.

*Howell & Hatchett* and *N. F. Culpepper,* for plaintiffs in error. *McLaughlin, Jones & Jones,* contra.