## GRIER *et al. v.* LOYLESS, tax-collector.

1. It is provided in section 1531 of the Civil Code, which relates to school districts and which is a part of the article making provision for local taxation for public schools, that as soon as practicable it shall be the duty of the county board of education of each county in Georgia to lay off the county into school districts. Under a proper construction of this provision of the law, the "laying off of the county into school districts" means the laying off of the entire territory of the county, and not a part thereof. A laying out of less than the entire county into school districts is not such a division of the county into school districts as is contemplated and provided for in the act referred to; and where there has not been such a division and laying out of the county as the act provides for, the levy and collection of a school tax by virtue of an election held in any particular district is illegal.

(a) At the time of the levy of the tax the collection of which is sought to be enjoined by the present suit, the County of Early had not been laid off in accordance with the requirements of that part of the law quoted above, inasmuch as a large part of the county was not laid off and embraced in the plan of division.

2. The County of Early as a distinct corporate entity was not pecuniarily interested in the tax the collection of which the petitioners seek to enjoin, and therefore was not a necessary defendant to the action.

3. No proper division of the county into school districts having been made, the levy of the tax by virtue of an election was void, and no estoppel was raised as against any taxpayer to test the validity of the division of the county into school districts and the levy of the tax by virtue of an election held in any such district.

MAY 12, 1915.

Petition for injunction. Before Judge Worrill. Early superior court. November 14, 1914.

*A. H. Gray,* for plaintiffs.

*Glessner & Collins* and *Walter G. Park,* for defendant.

BECK, J. Plaintiffs, alleging themselves to be residents and taxpayers of the Rock Hill school district in Early County, brought their petition in behalf of themselves and all others similarly affected, against J. C. Loyless, tax-collector of Early County, to enjoin the collection of the school tax which had been levied by the board of commissioners of said county. The presiding judge refused to sanction the petition, upon which ruling error is assigned to this court.

1. In the act of August 23, 1905 (Acts 1905, p. 425), as amended by the act of August 21, 1906 (Acts 1906, p. 61), known as the McMichael act, it is provided that within thirty days after the passage of the act, or as soon thereafter as practicable, it shall be

the duty of the board of education of each county in the State to lay off the county into school districts. This provision of the law just quoted manifestly contemplates the division and laying off of the entire county into school districts; not that one particular part of the county should be laid off into a school district and the division of the remaining portion of the county left in abeyance; but that the entire county as a whole should be at one and the same time laid off, so that a voter in any particular district might know how the county is laid off and what is included in the district in which he lives at the time he casts his vote authorizing a tax for the support of schools when such election is held. While a division into districts was contemplated, and certain subdivisions for taxing purposes were created, and while each of these subdivisions was a unit within itself, they were units within a system embraced in the county; and the laying off of one or more districts in which should be embraced a part of the county less than the whole did not comply with the system contemplated in that portion of the act which is quoted above. In the case of *Lansdell* v. *King,* 134 *Ga.* 536 (68 S. E. 102), it is recited as a part of the statement of facts that "-The county board of education of Columbia county, on May 7, 1907, adopted the following resolutions: 'After discussing at length the school district situation, motion was carried that each white school in the county be regarded as the center of the various school districts. The school districts thus regarded shall comply with the requirements of section 1 of the McMichael act as amended 1906. Whenever the white citizens of any school district want to supplement the said school fund by levying a special school tax, the boundaries of said district or districts shall be definitely fixed by the county surveyor under the direction of the county board of education. It was ordered that the Harlem school district be surveyed by the county surveyor and plat made.' Under this resolution a district was laid off under the name of the Harlem school district. At other times two other school districts were laid off. But the county was never divided into school districts, and a large. part of it remained undivided, including long and irregularly shaped strips of territory intervening between the districts thus laid off." And in regard to the situation thus created it was decided that "the Harlem district thus established was not a lawful school district, and an election within such district for the de-

termination of the question of imposing a local tax therein was illegal." Evidently this ruling was based upon a recognition of the fact that, under a proper construction of that part of the Mc-Michael act above quoted, the laying off of a county into districts means the laying off of the entire territory of the county, and not a portion thereof. A laying out of less than the entire county into school districts is not such a division of the county into school districts as is contemplated and provided for in the act referred to, and it is only where there has been such a division and laying out of the county into school districts as this act contemplates and provides for that a local school tax by virtue of an election held in any particular district can be levied and collected for the purpose contemplated in that act.

Under the allegations in this petition, the County of Early had not been laid off in accordance with the positive requirements of the act under consideration. In the case of *James* v. *City of Blakely*, 143 *Ga.* 117 (84 S. E. 431), it was held that "the act of December 18, 1900 (Acts 1900, p. 219), which sought to create a district lying outside of the actual corporate limits of the City of Blakely, and extending to what was termed the 'school limits,' and to prescribe for such territory regulations as to schools and taxation therefor, different from those established by the general school laws, was to that extent unconstitutional, as being a special act different from an existing general law on the subject." The act just referred to is attacked in the petition in the present case, to show that as a matter of fact the County of Early had not been laid off and divided into school districts as contemplated and provided by the McMichael act. And under the ruling made in the case just cited, we know that the County of Early has not been divided into school districts; for a territory lying within this county of 32 square miles is not divided into school districts, nor is it included in any of the school districts as laid out. That being true, no legal division of the county into school districts has been made; and a division according to law is necessary before there can be legal taxation for the purposes contemplated in the act. It follows, therefore, that the tax, the collection of which it is sought to enjoin in the present case was illegal, and the tax-collector was without authority to collect that tax from the petitioners and other taxpayers and residents of the county.

2. The tax-collector of Early county was the only necessary party defendant. The county as a distinct entity was not pecuniarily interested in this tax. The finances of the county as such would not be affected by a failure to collect it; the taxes so raised would be for a purpose outside of those for which the taxes of the county were levied and collected.

3. No proper division of the county into school districts having been made, the levy of the tax by virtue of an election was void, and no estoppel was raised as against any taxpayer to test the validity of the division of the county into school districts and the levy and collection of the tax by virtue of an election held in any such district.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*