GRAHAM *et al.* v. ROBERTS, tax-collector.

Applying the principles ruled in the cases of *Grier* v. *Loyless*, 143 *Ga.* 428 (85 S. E. 323), and *Lansdell* v. *King*, 134 *Ga.* 536 (68 S. E. 102), to the facts of the present case, it was error for the court to refuse the injunction sought.

AUGUST 19, 1916. REHEARING DENIED SEPTEMBER 23, 1916.

Petition for injunction. Before Judge Thomas. Brooks superior court. September 18, 1915.

Covington Graham and other citizens and taxpayers of the
Barney School District in Brooks County, in their own behalf
and in behalf of other taxpayers of the district, brought their
petition seeking to enjoin the collection of a tax levied by the
county commissioners on the property situated in said school dis-
trict. The plaintiffs alleged that the Barney School District had
never been legally created. The levy was made on the first day
of September, 1915, and the petition was filed on the next day.
After hearing the evidence the court refused the interlocutory
injunction, and the petitioners excepted.

*Branch & Snow,* for plaintiffs.

*Bennet & Harrell,* for defendants.

BECK, J. (After stating the foregoing facts.) Under the evi-
dence it was error for the court to refuse the interlocutory injunc-
tion. There are more than twenty school districts in the County of
Brooks. On the 28th day of September, 1905, the county board
of education of Brooks County passed an order laying out the
Barwick County Line School District and the Barney School
District. In the following year two other districts were created;
and in May, 1907, with the exception of certain land lots which
the defendants claim were unintentionally omitted from the dis-
tricts laid off, the rest of the county not included in the four
districts created in 1905 and 1906 was laid off into school dis-
tricts.

We will not take up the question as to whether or not the unin-
tentional omission of a dozen land lots and eight parts of lots,
the whole county containing more than 600 land lots, would affect
the validity of the action of the county board of education in
laying off the county into school districts; for, regardless of that
fact, the contention of the petitioners that the Barney School Dis-
trict had never been legally laid off, and that the tax levy which
they sought to enjoin was illegal, must be sustained. In the act
of August 23, 1905, which was an act to provide for the creation
of local tax school districts, and in that act as amended by the
act of August 21, 1906 (Park's Code, § 1531), known as the Mc-
Michael act, it is provided that within thirty days after the pas-
sage of the act, or as soon thereafter as practicable, it shall be
the duty of the board of education of each county in the State
to lay off the county into school districts. This provision con-

templated the laying off of the entire county at one and the same time. This was ruled in the case of *Grier* v. *Loyless,* 143 *Ga.* 428 (85 S. E. 323), where, referring to that part of the acts just referred to, it was said: "This provision of the law just quoted manifestly contemplates the division and laying off of the entire county into school districts; not that one particular part of the county should be laid off into a school district and the division of the remaining portion of the county left in abeyance; but that the entire county as a whole should be at one and the same time laid off, so that a voter in any particular district might know how the county is laid off and what is included in the district in which he lives at the time he casts his vote authorizing a tax for the support of schools when such election is held. While a division into districts was contemplated, and certain subdivisions for taxing purposes were created, and while each of these subdivisions was a unit within itself, they were units within a system embraced in the county; and the laying off of one or more districts in which should be embraced a part of the county less than the whole did not comply with the system contemplated in that portion of the act which is quoted above." This ruling made in the *Grier* case is supported by the decision in the case of *Lansdell* v. *King,* 134 *Ga.* 536 (68 S. E. 102). Manifestly, the action of the board of education being void for the reasons stated above, the laying off of the district was not rendered valid by the lapse of time between such laying off of the district and the date of the bringing of this action contesting the validity of the order passed by the board of education. And equally ineffectual to establish the district was the resolution adopted by the board of education in the year 1915, laying off and defining the Barney School District along lines substantially conforming with those enclosing the district as laid off in the year 1905. For the action of the board in 1915 as well as their action in 1905, relative to the creation of the district in question, dealt with but a small fraction of the territory of the county.

The question as to whether or not the petitioners were estopped from contesting the validity of the tax levy is also ruled adversely to the defendants in error in the case first above cited.

It follows from what is said above that the court erred in refusing the injunction sought.

*Judgment reversed. All the Justices concur.*