WILDER *et al.* v. THOMSON *et al.,* trustees.

No. 7201. JANUARY 15, 1930. REHEARING DENIED FEBRUARY 22, 1930.

*J. Wightman Bowden,* for plaintiffs.

*Tye, Thomson & Tye,* for defendants.

HILL, J.   G. A. Wilder and others, as citizens and taxpayers of DeKalb County, brought a petition against W. D. Thomson, Walter T. Candler, and Fred Mason, as trustees of the Druid Hills School District, and Crenshaw & McIver, contractors, to enjoin the defendants from erecting a school building for negro children in a certain described location, on the ground that the location was in a white settlement, remote from the patrons of the school, and that the erection of a negro school on the proposed site will damage the property of petitioners; that petitioners were not given an opportunity to protest or to appeal from the selection of the site by the trustees to the county board of education, which is equivalent to taking from them their property rights without due process of law.   They prayed that the defendants be enjoined from the erection of the school building until petitioners have had an opportunity to exercise their right of appeal to the Board of Education of DeKalb County.   The defendants demurred and answered.   The demurrer is on the grounds that the petition sets forth no cause of action; that it is apparent from the allegations that the superior court has no jurisdiction, the authority in such matters being given to the board of trustees of the school district, and no such matter is put in the hands of the court; and that it is apparent that this is an effort of white persons, who are not patrons of the school, to determine the location of a school at which their children will not attend.   At the interlocutory hearing, without receiving evidence, the judge dismissed the petition on general demurrer.   The plaintiffs excepted.

■   Under the act of 1925 (Ga. L. 1925, p. 97), the court, in equity cases where extraordinary relief is sought, may hear and pass upon and determine all demurrers at any interlocutory hearing before the appearance or first term of the case.

■   "A controversy arising as to the location of the site for a school building, in a school district in which an election has been held and the result thereof declared in favor of local taxation for public schools, must be determined by the county board of education, with the right of appeal to the State school commissioner and the State board of education; and a court of equity will not entertain jurisdiction of the subject, but will remand the parties to their legal

814

remedy. *Meadows* v. *Board of Education,* 136 *Ga.* 153 (71 S. E. 146) ; *Jarrell* v. *Davis,* 137 *Ga.* 55 (72 S. E. 417).'' *Edge* v. *Garrett,* 138 *Ga.* 93 (74 S. E. 758). This ruling was followed in *Marshall* v. *Clements,* 150 *Ga.* 707 (105 S. E. 294). On the interlocutory hearing the court did not err, under the facts, in sustaining the demurrer, and in refusing an injunction and dismissing the case.

*Judgment affirmed. All the Justices concur.*