21350. SEABOARD AIR-LINE RAILWAY COMPANY *v.* TOWNSEND CONSOLIDATED SCHOOL DISTRICT *et al.*

LUKE, J. 1. An election ordered in 1926 by the board of county commissioners, and not by the ordinary, to determine whether a local school district might levy a tax for educational purposes, was a mere nullity. A valid order for such an election can come only from the ordinary after a proper petition is presented to him, and without such an order the election is without legal effect. Ga. L. 1919, pp. 288, 338, § 124; Park's Code Supp. 1922, § 1438(h) ; Michie's Code, § 1551(133) ; 9 R. C. L. 1000, § 20.

2. Where such a void election was held, and was declared to have resulted in favor of the proposed local tax, and the tax was levied annually for five years thereafter, a taxpayer of the district who had paid the tax for four years, without protest, and who remained silent while the school authorities continued to contract large debts to be paid by such taxation, was not thereby estopped from attacking the validity of the election, by affidavit of illegality interposed against an execution issued and levied to enforce payment of the fifth tax levy, it appearing that the school authorities had acquired from unexpected sources sufficient funds to pay all debts so contracted. *Jordan* v. *Franklin,* 131 *Ga.* 487 (62 S. E. 673) ; *Grier* v. *Loyless,* 143 *Ga.* 428 (3) (85 S. E. 323).

3. The agreed facts and uncontradicted evidence demanded a finding in favor of the defendant taxpayer.

*Judgment reversed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED FEBRUARY 16, 1932.

*Tyson & Tyson, Conyers & Gowen,* for plaintiff in error.
*Edwin A. Cohen, Edwin J. Feiler,* contra.