BOARD OF EDUCATION OF DeKALB COUNTY *et al.* *v.*
HUDDLESTON *et al.*

No. 8773. APRIL 16, 1932.

*Weekes & Candler*, for plaintiffs in error.
*Paul L. Lindsay* and *O'Glen Ray*, contra.

GILBERT, J. Huddleston and others instituted mandamus proceedings against the Board of Education of DeKalb County, praying that they be required to commission H. H. Huddleston as the duly elected trustee of a named local school district. The petition alleged all necessary facts, his proper election, and certification to the board of education. It also alleged all facts sufficient to show his proper qualification to hold that office, and in addition alleged: "that the said board of education has failed and refused to issue a commission, and has refused to confirm the election of your petitioner; . . that the said refusal of said board of education to issue a commission to the said H. H. Huddleston is a gross abuse of the discretion vested in the board of education." Defendants demurred to the petition, on the grounds (1) that the allegations are insufficient to constitute a cause of action; (2) that petitioners

have other and specific legal remedies by which to review and control the action of these respondents, to wit, appeal from the action of the respondents to the State school superintendent, and from the judgment of the latter to the State Board of Education; (3.) that the allegations of the petition show that respondents have not failed or refused to perform any act which it is their legal duty to perform or which the petitioners have legal right to compel them to perform, but that respondents have already taken such action in such matter as is required by law, and that the petition shows on its face that respondents have refused to confirm the election of said Huddleston, and that the remedy of mandamus does not lie to compel these respondents to reverse their judgment or to take action on a matter in which they have done all that is required by law. The demurrer was overruled, and the respondents excepted.

■ It is settled that mandamus will lie against a county board of education to compel them to issue commissions to persons duly elected trustees of a school district in accordance with the provisions of § 120 of "An act to codify the school laws of the State of Georgia" (Ga. Laws 1919, p. 228), when such board improperly refuses to confirm the election of such trustees and to issue to them their commissions. *Harrell* v. *Williams,* 154 *Ga.* 632 (115 S. E. 97); *Bryant* v. *Board of Education of Colquitt County,* 156 *Ga.* 688 (119 S. E. 601). "The right of appeal given in section 13 of the above act exists only when the county board of education has heard and decided some matter of local controversy in reference to the construction or administration of the school law. [*Board of Education of Long County* v. *Board of Education of Liberty County,* 173 *Ga.* 203], and is confined to the parties to such controversy; but is not applicable to a direct proceeding brought against such board to compel the discharge of some official duty." *Bryant* v. *Board of Education,* supra.

■ The allegations of the petition are accepted as true in considering the demurrer, and they are sufficient to show the election of H. H. Huddleston as a trustee of the local school district, and that he possesses all qualifications required of him as such trustee. The further allegation that the county board has refused to confirm and commission said Huddleston amounts to an allegation denying that the board has exercised any discretion with which they are invested by law, but, upon the contrary, it avers that they have

acted arbitrarily in refusing to confirm the election and to issue the commission. *Judgment affirmed. All the Justices concur.*