BONEY *v.* COUNTY BOARD OF EDUCATION OF
TELFAIR COUNTY *et al.*

No. 16003.   November 10, 1947.   Rehearing denied December 2, 1947.

154

*Powell, Goldstein, Frazer & Murphy, J. K. Whaley,* and *C. Baxter Jones Jr.,* for plaintiff.

*W. S. Mann, R. A. Moore,* and *Preston Rawlins,* for defendant.

DUCKWORTH, Presiding Justice. (After stating the foregoing facts:) This court in *Keever* v. *Board of Education of Gwinnett County,* 188 *Ga.* 299 (3 S. E. 2d, 886), asserted that the law had wisely entrusted the operation of the public schools to the county

boards of education, vesting in them wide discretionary powers. It then said: "These men being chosen as they are by the grand juries of their respective counties, without their solicitation, and rendering public service without compensation, may safely be entrusted with this vital responsibility; and unless it is made clearly to appear that they are acting in violation of law or grossly abusing their discretion, their conduct of the schools of the counties will not be enjoined by the courts." We adhere to that ruling, and unless it is shown by this record that the County Board of Education of Telfair County has acted in violation of law or has grossly abused its wide discretion, the judgment refusing to enjoin it must be affirmed.

The Code, § 32-910, constitutes the county board of education a tribunal for hearing and determining local controversies in reference to the construction or administration of the school laws. It makes their decisions final unless an appeal to the State board is taken. It requires that such appeal be in writing, that it set forth the question in dispute, the decision of the county board, and the "testimony as agreed upon by the parties to the controversy, or if they fail to agree, upon the testimony as reported by the county superintendent of schools." In thus requiring that the appeal contain the testimony heard by the county board, the law shows an intent that the State board be restricted at the hearing on appeal to the testimony previously considered by the county board. This would prohibit a de novo trial by the State board. This is further supported by the fact that the law has given the county board wide discretionary powers, and whether or not it has abused its discretion can be ascertained only by a consideration of the testimony which it heard and upon which its decision is based. The conclusion is in harmony with the further policy of the law to give to the local authorities as much power and responsibility as possible for the conduct of the public schools. It accords with the undeniable fact that the members of the county board, being familiar with the local conditions and circumstances, are in a better position to adjust local matters to existing conditions than the State board, which is far removed.

The provisions of the law which specify the essentials of an appeal show that only the decisions of the county board made on disputed issues are appealable. If there has been no issue

heard and decided by the county board, there can be no parties and no testimony which the law authorizing an appeal contemplates. We think that this court in *Meadows* v. *Board of Education,* 136 *Ga.* 153 (71 S. E. 146), clearly indicated that, as a condition precedent to an appeal, there must be an issue made and tried by the county board. It is there said, at page 156: "If the county board has improperly located the school site in the Brownsville District, the complaining parties are afforded a right to be heard before the board sitting as a court; *and if that board upon the testimony submitted decides against the complainants, they are given the right of appeal."* If any parties are dissatisfied with the action of the county board, they must file a complaint and submit such evidence as they desire to that board which is empowered by law to sit as a tribunal for the purpose of deciding such issues. If no objection or complaint is filed with the county board, its decision is final and presumably is satisfactory to all parties concerned. The county board rather than the State board is empowered to hear testimony on all such complaints, and it exercises its discretion before the State board is authorized to review the decision of the county board on an appeal. Undoubtedly the legislature never intended that appeals to the State board should impose the expense and inconvenience of transporting witnesses and evidence to the State Capitol for introduction and consideration for the first time on the issues involved. Both the county board for the purpose of the original trial, and the State board for a trial on appeal, are by law made tribunals with limited jurisdiction. *Meadows* v. *Board of Education,* supra; *Jarrell* v. *Davis,* 137 *Ga.* 55 (72 S. E. 417); *Edge* v. *Garrett,* 138 *Ga.* 93 (74 S. E. 758); *Bryant* v. *Board of Education,* 156 *Ga.* 688 (119 S. E. 601); *Board of Education* v. *Huddleston,* 174 *Ga.* 761 (163 S. E. 887). It is settled law that the judgment of a tribunal of limited jurisdiction must show upon its face such facts as are necessary to give the tribunal rendering the same jurisdiction, or else such a judgment is void. It was held by this court in *Thompson* v. *Talmadge,* 201 *Ga.* 867 (41 S. E. 2d, 883), that, "As to courts, it is a well-settled principle that every presumption will be indulged in favor of judgments of a court of general jurisdiction, but that a judgment of a court of special or limited jurisdiction must show upon its face such

facts as are necessary to give the court rendering such judgment jurisdiction of the person and the subject-matter, otherwise the whole proceeding is coram non judice and void. *Gray* v. *Mc-Neal*, 12 *Ga.* 424; *Franklin County* v. *Crow*, 128 *Ga.* 458 (3) (57 S. E. 784). Like principles are applicable to the General Assembly, so that in electing a Governor it would necessarily act as an agency or body of *special and limited* jurisdiction, and the facts essential to the existence of its jurisdiction in such matter should affirmatively appear." Applying this principle of law to the decision of the State Board of Education here involved, it must be held that, since that decision shows that no appealable decision upon a local controversy by the County Board of Education was brought under review, the State board was without jurisdiction to render the decision locating the schoolhouse at a site different from that designated by the county board. The decision of the State board not only fails to show jurisdiction, but affirmatively shows that such board was without jurisdiction. Accordingly, the trial court did not err in refusing to enjoin the County Board of Education from erecting the schoolhouse at the site fixed by that board in virtue of the authority conferred upon it by law.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*