20032. SMITH *et al. v.* OUZTS *et al.*

ARGUED APRIL 14, 1958—DECIDED MAY 7, 1958.

*D. E. McMaster, Emory L. Rowland, Larsen & Larsen,* for plaintiffs in error.

*Irwin L. Evans, T. A. Hutcheson, B. D. Murphy, Powell, Goldstein, Frazer & Murphy,* contra.

WYATT, Presiding Justice. 1. In the view we take of this case, three questions are decisive. The first is whether or not the Washington County Board of Education had authority to enter into the contract or agreement as to the selection of the site for the school in question. Assuming that the alleged contract or agreement and resolution amounted to a contract, it must be construed as a contract whereby the Washington County Board of Education, and the other defendants, in so far as the petition seeks to hold them to its terms, undertook to limit its discretion or to divest itself of the discretionary power vested in it by law in so far as the selection of the site of this school is concerned. Obviously .such a contract or any contract which controls or restricts the discretion vested in a public officer or public body is contrary to public policy and void. See 43 Am. Jur. 104, § 295; 46 C. J. 1034, § 296; *Macon Consolidated Street R. Co.* v. *Mayor*

&c. of *Macon,* 112 *Ga.* 782 (38 S. E. 60) ; *Barr* v. *City of Augusta,* 206 *Ga.* 750 (58 S. E. 2d 820) ; *Aven* v. *Steiner Cancer Hospital,* 189 *Ga.* 126 (5 S. E. 2d 356).

Plaintiffs in error contend, however, that this rule should not be applied to them in the instant case, because the alleged contract in question resulted from a compromise and settlement of a pending law suit, and that, if the Board of Education can sue and be sued, it can compromise a pending suit and be bound thereby. This argument overlooks the. fact that a court even by a judgment is not authorized to take away or control the discretionary power vested by law in the County Board of Education with relation to the control and operation of the schools within its jurisdiction, except to prevent a violation of the law. Under the allegations of the petition in the instant case, the former suit for injunction was based upon the theory that the County Board of Education had acted arbitrarily and without authority of law in locating the school at the chosen site without giving the petitioners an opportunity to be heard upon the objections filed by them. If they had successfully prosecuted that suit to its conclusion, the most that they would have been entitled to would have been an injunction restraining the location and construction of the school at the designated site until they had received a hearing before the County Board of Education with the right to appeal to the State Board of Education. They would not have been entitled to an injunction restraining forever the location of a school at the site. Conceding, but not deciding, that the County Board of Education has a right by contract to compromise and settle a pending suit involving its discretionary powers, under the theory presented by the plaintiffs in error, the most that they would have been entitled to agree to would have been to rescind the location of the school and grant to the petitioners a hearing upon their objections; at which time the board would have been required to exercise the discretion vested in them by law. Petitioners have now had a hearing before the County Board of Education, at which, presumably, they presented all of their objections to the location of the school in question. The decision of the County Board of Education has been approved by the State Board of Education. They have

thus received everything that a successful prosecuticn of the former suit would have given them. In so far as the Board of Education might have undertaken by the contract in question to divest itself of the discretionary power vested in it by law, it was, under the authorities above cited, unauthorized by law, contrary to public policy, and void.

2. Other questions with reference to the fitness and suitability of the selected site are wholly within the discretion of the County School Board and within the jurisdiction of the County School Board and the State Board of Education sitting as a tribunal to hear and decide matters arising under the school law, and in the absence of a showing of a violation of the law, a'court of equity is not authorized to interfere, and the decision of the State Board of Education is final. *Board of Education of Long County* v. *Board of Education of Liberty County,* 173 *Ga.* 203 (159 S. E. 712); *Boney* v. *County Board of Education,* 203 *Ga.* 152 (45 S. E. 2d 442); *Meadows* v. *Board of Education,* 136 *Ga.* 153 (71 S. E. 146); *Boatright* v. *Yates,* 211 *Ga.* 125 (84 S. E. 2d 195); *Patterson* v. *Boyd,* 211 *Ga.* 679 (87 S. E. 2d 861); *McKenzie* v. *Walker,* 210 *Ga.* 189 (78 S. E. 2d 486); and the many cases cited in the above authorities. The allegations of the instant petition do not allege any action of the County Board of Education which amounts to a violation of the law, and, in accordance with the above-cited authorities, a court of equity will not interfere with or control the actions of the county board.

3. Plaintiffs in error insist that the vote by the County Board of Education and the certification by the County School Super-intendent to the State Board of Education to the effect that the board had selected the disputed site was illegal because one of the members who voted for the resolution was at that time and at all times throughout 1957 not a resident of Washington County, but was a resident of Baldwin County, Georgia. It is contended that under Code § 32-903 the board member imme-diately vacated his office when he removed from Washington County. There is no merit in this contention. Code § 32-903 is not applicable to the facts in the instant case. This section deals with the removal of a member of the Board of Education from one district to another district or municipality within the

limits of the county in which he serves. The Code section dealing with an incumbent ceasing to be a resident of the locality in which he was elected is Code § 89-501 (5), which reads as follows: "All offices in the State shall be vacated—(5) Nonresidence.—By the incumbent ceasing to be a resident of the State, or of the county, circuit, or district for which he was elected. In the first case, the office shall be vacated immediately; in the latter cases, from the time the fact is judicially ascertained."

It will be noted that only in the case of an incumbent ceasing to be a resident of the State of Georgia does the office immediately become vacant. In all other cases, which includes the case here under consideration, the office does not become vacant until the vacancy is judicially ascertained. In the instant case, there is no allegation to the effect that the vacancy of the office in question has been judicially ascertained. Therefore, there is no merit in the contention that the vote was illegally taken and counted and was illegally certified to the State Board of Education.

4. From what has been said above, the judgment of the court below sustaining the general demurrer and dismissing the petition was not error.

*Judgment affirmed. All the Justices concur.*