## 28582. CHATHAM ASSOCIATION OF EDUCATORS, TEACHER UNIT, et al. v. BOARD OF PUBLIC EDUCATION FOR THE CITY OF SAVANNAH AND THE COUNTY OF CHATHAM.

MOBLEY, Chief Justice. This appeal is from the dismissal of a complaint for failure to state a claim. Chatham Association of Educators, Teacher Unit, Dewey Lee, president of the Association, and Daniel W. Wright, Jr., its chief negotiator, in their individual capacities and as a class representing the teachers employed by the City of Savannah and the County of Chatham, brought a complaint against the board, and alleged: The board was created by law to operate all of the public schools in Chatham County. The association was recognized by the board as the winner of the teacher- representation election held on July 10, 1971. Representing the teachers employed by the board, the association negotiated a master contract with the board, executed January 14, 1972, and to remain in effect until June 30, 1973. Economic sections of the master contract were open to new negotiations beginning February 1, 1972. After months of negotiation, the board adopted a resolution on August 15, 1972, which amended its budget to grant the association the right to allocate $339,600 as increased economic benefits among the board's professional employees. The resolution also provided that the association can allocate at least one-third of any general, non-earmarked income to the board not shown in the adopted budget. In August, 1972, the teachers voted to ratify the resolution, and to apply one-half of the $339,600 to an insurance program and the other half to direct salary increments on an index scale which recognizes longevity and educational and qualification advancements. The association selected an insurance program, informed the board thereof, and requested that funds be made available for implementation of the

insurance program effective February 1, 1973. The board has refused to make the funds available pursuant to its resolution. The teachers and other professional employees have fully performed their duties under the contract and resolution through the 1972-73 school year, and the board has accepted this performance. It was prayed that the board be ordered to pay the $339,600 as increased economic benefits pursuant to its resolution and in accordance with the manner prescribed by the association; that it be enjoined from withholding the funds from its employees; that it be ordered to implement the insurance program selected by the association; and for other relief.

The contract executed between the parties covered the subjects of compensation and expenses; teaching days and hours; teaching loads and assignments; teaching conditions; promotions; teacher transfers; sick and emergency leaves; leaves of absence; retirement; fringe benefits; teachers' files and records; grievance procedure; teacher evaluation; and miscellaneous provisions. It provided that the agreements of the contract shall supersede any rules, regulations and practices of the board, and any individual teacher's contract, which are inconsistent with the contract.

The resolution provided that the 1972-73 budget be amended so as to grant the association the right to allocate $339,600 as increased economic benefits among the professional employees of the Chatham County school system; and should other general, non-earmarked funds become available, that at least one-third of such funds be utilized as increased economic benefits for the professional employees of the Chatham County School System, as the association allocates.

The State Board of Education has the authority to administer the state funds allocated to the local schools. Code Ann. § 32-408 (Ga. L. 1961, pp. 39, 40). The local boards have no authority to divert these funds.

The school system operated by the board is an independent school system which is charged with the duty of levying local taxes for the support of the schools of Savannah and Chatham County, and is given control and management of the schools within the system. Constitution, Art. VII, Sec. XII, Par. I (Code Ann. § 2-7501); Ga. L. 1886, p. 309; Code Ann. Ch. 32-6 (Ga. L. 1964, p. 3 et seq.).

Without specific legislative authorization, a school board has no authority, by contract or otherwise, to delegate to others the duties placed on the board by the Constitution and laws of

Georgia. Compare: *Tipton v. Speer,* 211 Ga. 886 (89 SE2d 633); *Smith v. Ouzts,* 214 Ga. 144, 146 (103 SE2d 567); *Local 574, International Assn. of Firefighters v. Floyd,* 225 Ga. 625, 628 (170 SE2d 394); *State Bd. of Ed. v. Elbert County Bd.,* 112 Ga. App. 840, 846 (146 SE2d 344).

The trial judge correctly concluded that the contract and resolution were void, being illegal attempts by the board to delegate its powers and authority to provide the conditions of employment of its teachers and to determine the manner in which the public funds for the operation of the schools shall be allocated.

The association could not enforce the void contract and resolution and the trial judge did not err in dismissing the complaint.

*Judgment affirmed. All the Justices concur.*

Argued January 15, 1974 — Decided March 7, 1974.

*Aaron L. Buchsbaum,* for appellants.
*Basil Morris,* for appellee.