## TOLBERT, trustee, *et al. v.* TEAL *et al.*

It is the duty of the board of education of each county in this State (Civil Code of 1910, § 1531) to lay off the county into school districts, the lines of which shall be clearly and positively defined by boundaries, such as creeks, public roads, land lines, district lines, or county lines. The law contemplates that the whole territorial limits of the county shall be laid off into districts; and where an area of the county consisting of five square miles is entirely omitted, and the districts are laid off as if the omitted territory were not a part of the county, such omission is a substantial defect and invalidates the whole proceeding.

APRIL 10, 1917.

Equitable petition. Before Judge Freeman. Carroll superior court. June 5, 1916.

*S. Holderness* and *E. T. Steed*, for plaintiffs in error.

*J. M. Moore* and *C. E. Roop*, contra.

Evans, P. J.   Certain taxpayers and residents of the Villa Rica school district of Carroll county brought their petition to enjoin the assessment and levy of a local school tax upon the property in that district, on the grounds, among others, that the entire county of Carroll had never been laid off into school districts as provided by law, nor was a map of the county as thus laid off, outlining the boundaries of the school districts with full description thereof, filed with the ordinary as required by the statute.   On the trial it appeared that the board of education of Carroll county, on September 18, 1905, passed a resolution directing the county school commissioner, in connection with the president of the board of education, to prepare a map of the school districts and submit the same for ratification at its next meeting.   At the next meeting of the board the committee presented what purported to be a map of the county, with the school districts defined thereon, and with some slight amendments the map was adopted as delineating the school districts of Carroll county.   Afterwards, on August 15, 1914, an election was held in what is known as the Villa Rica school district on the subject of local taxation for the support of the public schools.   A majority voted in that election in favor of local taxation for public schools, and the ordinary declared the result accordingly.   By virtue of this election the trustees and the county school commissioner were preparing to assess and levy a local tax for school purposes, when the petition was filed.   The evidence disclosed that the division of the county into school districts was made by marking out the different school districts upon a map purporting to be a map of Carroll county.   In point of fact this map did not embrace the entire territory of the county, and omitted ten full land lots and eleven fractional land lots off the eastern side of the county.   The omitted area comprises about five square miles.   This map was filed in the county commissioner's office.   The testimony as to its filing in the ordinary's office was very meager, but it appeared that elections had been called by the ordinary in other school districts on the faith that the county had been divided into school districts as provided by the statute.   The jury returned a verdict for the plaintiffs, and the court refused, on motion, to grant new trial.

In 1905 the General Assembly enacted a law to carry into effect the recently adopted constitutional amendment for the support of

public schools by local taxation. It is provided therein (Civil Code of 1910, § 1531) that: "As soon as practicable it shall be the duty of the county board of education of each county in Georgia to lay off the county into school districts, the lines of which shall be clearly and positively defined by boundaries, such as creeks, public roads, land lines, district lines, or county lines." It is further provided that the school districts thus marked out shall contain a certain area of not less than sixteen square miles, and so shaped as to have the school buildings as near the center of the districts as possible. It is further provided (§ 1532) that a map of the county thus laid off, plainly outlining the boundaries of the school districts, with full description thereof, shall be filed with the ordinary as soon as practicable, and the boundaries of the school districts shall not be altered oftener than once a year. The requirement of the statute is disregarded when the board of education lays off one or more districts without dividing the entire county into districts. *Lansdell* v. *King*, 134 *Ga.* 536 (68 S. E. 102). The statute is not fulfilled by the adoption of a resolution creating separate districts in the territory embraced in each of the militia districts of the county, without more. *Brown* v. *Hawkins*, 139 *Ga.* 697 (77 S. E. 1123). If the board of education had used a correct map of the county and had marked thereon the different school districts, observing the direction as to the lines of demarcation and the shape and size of the districts, the statute would have been met. *Mabry* v. *Fuller*, 133 *Ga.* 831 (67 S. E. 91). But the difficulty in the present case is that the board of education used a map which did not embrace all the territory within the limits of the county of Carroll. The omitted territory contains five square miles, and the testimony shows that not only do many of the citizens of the county live in this area, but there is also a schoolhouse, recognized as belonging to the county system of education, located within the omitted territory. It is no more a compliance with the statute to make a division of the county and leave out a considerable part of its territory than to carve out one or more districts within the county without laying out the entire county into school districts. The statute requires the whole county to be divided into school districts. The exclusion of so great an area as five square miles is not a compliance, literal or substantial, with the positive statutory requirement. It matters not whether this ter-

ritory was omitted by mistake or not. The fact remains the whole county has not been divided into school districts according to the statutory demand. The evidence is without dispute that this territory was omitted, and the whole proceeding fails on account of it. Under this view, other questions in the record become immaterial. *Judgment affirmed. All the Justices concur.*