## WHEELER *et al.* v. ZORN, tax-collector, *et al.*

GILBERT, J. 1. The Civil Code (1910), § 1531, provides that, as soon as practicable, it shall be the duty of the county board of education of each county in Georgia to lay off the county into districts, the lines of which shall be clearly and positively defined by boundaries, such as creeks, public roads, land lots, district lines or county lines. As construed in the case of *Tolbert* v. *Teal*, 146 *Ga.* 644 (92 S. E. 46), this statute "con-

templates that the whole territorial limits of the county shall be laid off into districts." Under the evidence in this case it appears that there has not been a substantial compliance with the law; St. Catherine's Island, about 2½ miles wide and 12 miles in length, and returned for taxation at $100,000, having been entirely omitted. This defect invalidates the entire proceeding undertaken by the county board of education to lay off the county into school districts; and for this reason it was error to refuse to enjoin the tax levy as prayed.

(a) The reason assigned by the defendants for not including St. Catherine's Island was that it was, in its entirety, a game preserve, that the owner did not wish a school, and that there were not a sufficient number of children of school age residing thereon to justify a school. These reasons afford no legal justification for the omission by the school board to include the omitted territory in laying off the county as a whole.

2. Since the judgment refusing an injunction is reversed on the ground stated in the preceding headnote, it is unnecessary to rule upon the other grounds assigned as reasons why the injunction should be granted.

*Judgment reversed. All the Justices concur.*

No. 3270. NOVEMBER 16, 1922.

Petition for injunction. Before Judge Sheppard. Liberty superior court. April 22, 1922.

Wheeler et al. filed a petition seeking to enjoin the collection of a tax levied for the purpose of supplementing the funds received from the State for educational purposes in Lambert School District, Liberty County. One ground upon which the petition alleges that injunction should be granted is that the County of Liberty has not been laid off in school districts as require by law. The court refused to grant injunction upon the ground stated, and the plaintiffs assigned error upon that judgment.

*Ben A. Way* and *W. C. Hodges,* for plaintiffs.

*Darsey & Mills,* for defendants.