PARKER *et al. v.* WILLIAMS *et al.*

HINES, J. 1. An assignment of error which recites that the defendant objected to certain portions of the affidavits of two named witnesses introduced on the hearing of an application for interlocutory injunction, the substance of such portions of said affidavits being set out, on the ground that there was higher and better evidence of the facts embraced in such portions of the affidavits, and pointing out such better and higher evidence, and which assignment of error contains the recital that

the plaintiffs in error, who were the plaintiffs in the court below, except to the ruling of the court overruling such objection, and assign error thereon upon the ground that it was contrary to law, and that the judge should have sustained such objection, is not a valid assignment of error, for the reason that plaintiffs can not assign error upon a ruling adverse to the defendants in the case, and where such ruling appears from the recitals in the bill of exceptions to have been one made in favor of the excepting plaintiffs. The bill of exceptions as originally drawn recites that plaintiff objected to such portions of said affidavits, but it appears therefore that the word "plaintiff" was stricken out and the word "defendant" inserted in the handwriting of the judge. Plaintiffs insist that the recital that the defendant objected to these parts of the affidavits is a mistake, and that this court should treat the objection as made by the plaintiffs. In view of the fact that the judge expressly certifies as true that the defendant objected to these portions of the affidavits, this court can not treat such recital as a mistake, and treat the objection as one made by the plaintiffs.

2. It is true that by the act of August 23, 1905 (Acts 1905, p. 425; 1 Park's Code, § 1531), it was made the duty of the county boards of education of each county in Georgia to lay off the county into school districts, the lines of which should be clearly and positively defined by boundaries such as creeks, public roads, land lines, district lines, or county lines. Conceding that it is likewise true that where a county is not laid off into school districts as above provided, or where an area of the county is entirely omitted, and the districts are laid off as if the omitted territory was not a part of the county, such omission is a substantial defect and invalidates the whole proceeding (*Tolbert* v. *Teal*, 146 *Ga.* 644, 92 S. E. 46; *Wheeler* v. *Zorn*, 154 *Ga.* 481, 114 S. E. 577), these facts would not entitle the plaintiffs to a temporary injunction, inasmuch as their right to injunction, if any, depends upon the legal and valid existence of the Oak Ridge School District, which would not be such if the county had not been divided into school districts as required by law. Applying the above ruling, the trial judge did not err in refusing to grant a temporary injunction.

*Judgment affirmed. All the Justices concur.*

No. 6910. MARCH 14, 1929.

*E. H. Williams,* for plaintiffs.
*A. J. Tuten* and *T. J. Townsend,* for defendants.