Stacy *et al.* *v.* Hammond, ordinary.

Where at the time an application for *mandamus* was heard by the judge of the superior court the time had passed within which the official duty, the performance of which was sought to be compelled, could be performed, the court properly denied a *mandamus* absolute. *Mandamus* will not be granted when it is manifest that the writ would, for any cause, be nugatory or fruitless.

April 15, 1895. Brought forward from the last term.

Petition for *mandamus*. Before Judge Hardeman. Spalding superior court. August term, 1894.

T. E. Patterson, for plaintiffs.

Hammond & Cleveland, for defendant.

ATKINSON, Justice.

It appears that on July 14th, 1894, a petition, bearing the names of the requisite number of citizens, was presented to the ordinary of Spalding county, asking that an election be ordered, in terms of the general local option law, to determine whether spirituous liquors mentioned in the sixth section of that act should be sold within the limits of that county. For certain reasons, upon the sufficiency of which we are not now called upon to pass, the ordinary declined to order that election. A petition for *mandamus* was presented to the judge of the superior court, and on the 15th day of August next thereafter, a *mandamus nisi* having in the meantime been granted, the petition came on to be heard. It was demurred to, amongst other reasons, upon the ground that, even if allowed, the *mandamus absolute* must prove nugatory and fruitless. This demurrer was sustained and *mandamus absolute* denied. The act provides that the election shall be held within forty days after the reception of the petition. It requires that four weeks notice be given of the time of holding the election. It would, therefore, under the provisions of the act, have been impossible to have held the election within forty days from the date of the reception of the petition by the ordinary, even though the *mandamus absolute* had been granted. This writ will never be granted when it would be fruitless or nugatory, and for this reason, the judgment of the circuit judge in refusing a *mandamus absolute* must be sustained.

Let the judgment of the court below be   *Affirmed.*