EDMONDSON *et al. v.* HOLT *et al.*

No. 9546. APRIL 22, 1933.

*S. T. Wingfield* and *Miles W. Lewis,* for plaintiffs in error.
*R. C. Jenkins,* contra.

HILL, J. Certain citizens of the Fairview School District in Putnam County, Georgia, who are also patrons of the school district, filed petitions with the board of education of Putnam County, praying that the board order an election of trustees of the Fairview School district, to fill vacancies alleged to exist in said offices which had been held by L. A. Park and W. B. Black, the petition alleging that the terms of office of these two trustees had expired by operation of law in May, 1930. The board of education, in December 1932, refused to call the election. The present petition for mandamus was filed against the board of education of Putnam County, to require it to call an election to fill said vacancies. The petition alleged that the terms of office of Park and Black had expired by operation of law, they having been first elected in May, 1927, for a term of three years, as provided in the act of 1919 (Acts 1919, pp. 288, 335) ; that one of the other trustees of said school district, Willis Marshall, had moved out of the school district; that there was a vacancy in the office held by Marshall also; that the board of education of Putnam County ordered an election to fill the vacancy caused by the removal of Marshall,· but refused to call an election to fill the vacancies in the offices of the other two trustees. The respondents filed a demurrer and an answer. The demurrer was overruled. After introduction of evidence, there being no contested issues of fact in the case, the court held that the terms of office of L. A. Park and W. B. Black had expired by operation of law in May, 1930, and that no election for two trustees to succeed them had been held since that date; and ordered an election for that purpose, and made the

mandamus absolute. To this judgment the board of education excepted. It is insisted by the respondents that the terms of Park and Black, as trustees of the Fairview school district, have not expired, and that they are still officers holding over under the laws of Georgia. This is the main question to be decided in this case.

The act of 1919 (Ga. L. 1919, pp. 288, 335 (Michie's Code, § 1551(128); Park's Supp. 1922, § 1438(d))), contains the law with reference to the election of trustees of the several school districts after the county board of education have laid off the counties into school districts as required by that act. The section cited leaves it to the discretion of the county board of education to order an election of trustees of the several school districts in the first instance; but the following language is contained in the law: "At the expiration of the term of office of the members thus elected, the citizens of a district shall meet at a time and a place, and in a manner prescribed by the county board of education, and elect their successors, who must be approved by the county board of education as hereinbefore provided, and the election shall be for a term of three years."

In *Harrell* v. *Williams*, 154 *Ga.* 632 (115 S. E. 97), and in *Bryant* v. *Board of Education*, 156 *Ga.* 688 (119 S. E. 601), it was held that mandamus will lie against a county board of education to compel them to issue commissions to persons who have been elected trustees of a school district in accordance with the provisions of the law quoted above, where such board refuses to confirm the election of such trustees and to issue them commissions. See *Board of Education* v. *Huddleston*, 174 *Ga.* 761 (163 S. E. 887). In the Civil Code (1910), § 5440, it is declared: "All official duties should be faithfully fulfilled; and whenever from any cause a defect of legal justice would ensue from a failure or improper fulfillment, the writ of mandamus may issue to compel a due performance, if there be no other specific legal remedy for the legal rights." When, therefore, it appears, as in this case, that the terms of office of the trustees of a school district have expired by operation of law, and the board of education refuses to call an election to fill the vacancies thus created, mandamus is an available remedy to compel such board of education to call an election for the purpose of having the electors of that school district elect successors to the trustees whose terms of office have expired; and we hold, under the pleadings and the

evidence in this case, that the terms of office of the trustees of the Fairview school district of Putnam County expired in 1930, by operation of law, and that it was the duty of the board of education of Putnam County to call an election for the purpose of filling such vacancies, and their failure and refusal to do so, under the facts of this case, was cause for mandamus to compel them to issue such call. We think that the section of the act of 1919, supra, is mandatory upon the board of education to call such election where the terms of office of the trustees have expired, and that it is not a mere matter of discretion with the board whether they will call such election or not. Under the act of 1919, the decisions of this court which hold in effect that a person elected to office, and who is duly installed in that office, shall hold it until his successor is elected and qualified, do not apply in a case like the present, where specific demand is made for the calling of an election to fill a vacancy which exists by operation of law, and where those who have the authority to call such election refuse to do so. Even if the board is invested with a discretion to call such election, under the facts and circumstances of the present case it appears that the board has abused its discretion in not calling an election to fill the vacancies in the board of trustees caused by the expiration of their term of office. Therefore the court did not err in making the mandamus absolute, and in requiring the board of education to call an election to fill the vacancies thus created. *Judgment affirmed. All the Justices concur.*