## COOLEY *v.* ENZOR.

No. 13258. MAY 17, 1940.

*G. N. Bynum,* for plaintiff. *Paul Donehoo,* for defendant.

GRICE, Justice. ■ Error is assigned on the ruling sustaining certain grounds of demurrer to the petition as amended, and dismissing the action. The suit was brought to enjoin the erection of a filling-station in an area zoned for restricted or residential use only, by the commissioner of roads and revenues of DeKalb County, under the act approved January 10, 1938 (Ga. L. Ex. Sess. 1937-1938, pp. 414, 415), as amended by the act approved March 24, 1939 (Ga. L. 1939, pp. 406-407). Section 1 of the original act undertakes to authorize the county authorities in certain counties to pass zoning and planning laws, and to regulate the use for which zones or districts may be set apart, and to regulate the plans for

development and improvement of real estate therein. The next section provides: "That any law that shall be made by any such county authority shall be spread upon the minutes of said board, or ordinary, or county commissioner, and published for one time in the newspaper wherein is published the sheriff's legal advertisements for such county; and such law shall not become effective until the expiration of thirty days from the date of such advertisement." The petition as amended alleged that on May 6, 1939, the county authority established a restricted zone for residential use within the area described. The petition was filed on May 17, 1939. The demurrant takes the position that since these dates affirmatively appear, it is impossible that the publication could have taken place thirty days before the filing of the petition, and hence the zoning regulations could not at that time have become effective. Assuming, as we do, the validity of the two acts above referred to, and that their provisions are such as to include the County of DeKalb, the first of the two acts provides a time when any zoning regulations passed under its authority shall become effective. Until this effective date arrived, a property owner in the zoned area could make such legitimate use of his own property as he desired, unaffected by any restriction imposed by the zoning laws. The demurrer was properly sustained.

■ Error is assigned on the disallowance of an amendment. It was tendered on November 6, 1939. It was therein alleged that the defendant had not yet erected a filling-station on his property, but had done some grading thereon and installed an old gasoline pump, but was not operating the same, and was not equipped for serving the public as a gasoline filling-station, but that he continued to threaten to operate a filling-station thereon. Where there is no cause of action at the commencement of the suit, there can be no recovery, although one accrue, respecting the same subject-matter, while the suit is pending. *Bank of Brooklet* v. *Motor Liens Inc.,* 164 *Ga.* 314 (138 S. E. 582); *Gray* v. *Federal Land Bank of Columbia,* 182 *Ga.* 894 (187 S. E. 104).

■ The rejected amendment alleged that the erection of a filling-station in the area in question would create confusion, disorder, and noise, caused by the cars of customers passing in and out of the station, by the hammering in repairing and changing of tires, by the lights of automobiles flashing at night, and by the congre-

292 gating of customers, employees, and loafers, and would be a source of annoyance and injury to the plaintiff and others residing in said area, which would be continuous and recurrent, for which no reasonable redress could be had in a court of law. Such allegations afford no basis for injunctive relief. The erection and operation of gasoline filling-stations are not nuisances merely because they are located in residential sections. See *Wilson* v. *Evans Hotel Co.,* 188 *Ga.* 498, 500 (4 S. E. 2d, 155), and cit.

■ Another paragraph of the rejected amendment alleges, on information and belief, that the defendant bears the reputation of a gambler, and that the operation of a filling-station in a residential section by a man with such a reputation will endanger the morals of the community and create an unfavorable environment in which to rear children. If the complainant's information be correct, it affords no reason why the law will deny its protection to the defendant in his right to put his property to such lawful use as he may desire. The law is no respecter of persons. Its ægis covers the unrighteous as well as the righteous. The good and the bad may alike claim the shelter of its canopy. It would be a violation of the law to enjoin this defendant merely because complainant is informed that he bears the character of a gambler. If the defendant so conducts his business as to render it a nuisance according to the law's definition of that term, it will be time enough then to seek an injunction against its operation. The amendment was properly disallowed.

*Judgment affirmed. All the Justices concur.*