18624. GAY *v.* CITY OF LYONS *et al.*

HAWKINS, Justice. 1. While mandamus proceedings when instituted do not relate back to the time of the accrual of the right thereto, and the duty to be enforced must be a duty which exists at the time when the application for the writ is made or the writ is granted, and if for any reason the duty no longer exists at the time the application is made, the writ must be denied (55 C. J. S. 108), and while a writ of mandamus will not in general be allowed, unless the act commanded to be done is legally possible before the writ issues (*McGill* v. *Osborne*, 131 *Ga.* 541, 544, 62 S. E. 811), where, as in this case, the petition for mandamus sought to require the defendants, the City of Lyons and the Mayor and Councilmen and Clerk thereof, to issue to the plaintiff a building permit for the construction of a filling station upon described property held by him under an option, and alleging a full compliance by him with all the requirements of the ordinance of the city to secure such a building permit, and a verdict was directed for the defendants because

during the pendency of the plaintiff's application for a building permit the property involved was attempted to be zoned by the city for residential purposes only, the trial judge having ruled as a matter of law that such attempted zoning precluded the plaintiff's right to a building permit, although the plaintiff in his petition for mandamus has attacked the zoning ordinance upon the ground, among others, that the failure to grant to him a building permit for a period of more than sixty days after it was applied for, while the purported zoning of the property for residential purposes was being consummated, and that the placing of his property in a district zoned for residential purposes only was arbitrary, capricious, and unreasonable because of its location, character, and the surrounding conditions and circumstances, and the difference in value for residences and business purposes, and that as to his property it was invalid, and where a general demurrer to this petition was overruled and no exception was taken thereto, such judgment on demurrer thus became final, and is the law of the case. The plaintiff having introduced evidence to support the material allegations of his petition, it was error to direct a verdict for the defendants. *Dye* v. *Alexander,* 195 *Ga.* 676 (25 S. E. 2d 419); *Voyles* v. *Lee,* 204 *Ga.* 282 (49 S. E. 2d 529). See also *Metropolitan Street Railroad Co.* v. *Johnson,* 90 *Ga.* 500 (16 S. E. 49); *Cooley* v. *Enzor,* 190 *Ga.* 290 (9 S. E. 2d 277); *Schofield* v. *Bishop,* 192 *Ga.* 732, 740 (16 S. E. 2d 714).

2. While under the ordinance of the City of Lyons which provides: "It shall be unlawful for any person to erect . . . any structure . . . or building . . . of any sort . . . within the corporate limits of the City of Lyons, Georgia, without first submitting the plans for such building or structure to the mayor and councilmen, and receiving from them a permit in writing authorizing the erection of the same," the verbal permission of the clerk of such municipality would not constitute a valid permit, and while the signatures of the individuals comprising the mayor and councilmen of the city, entered upon a written permit at a time when they were not acting in their official capacity, but merely as individuals, would not constitute a valid building permit, the evidence with respect to the plaintiff's transaction with the clerk and his efforts to obtain the signatures of the individuals comprising the mayor and councilmen upon a written permit, the exclusion of which is complained of in the first and second grounds of the amended motion for a new trial, was admissible as illustrating the plaintiff's good faith and his contention that the defendants had acted arbitrarily, capriciously, and unreasonably in refusing to grant such permit or to act thereon, and it was error to exclude it.

*Judgment reversed. All the Justices concur.*

ARGUED JUNE 15, 1954—DECIDED JULY 13, 1954.

*Jackson & Graham,* for plaintiff in error.
*Sharpe & Layne, J. Ellis Pope,* contra.