35368. TERMINAL TRANSPORT COMPANY, INC. *v.* DECATUR TRUCK & EQUIPMENT COMPANY, INC.

DECIDED OCTOBER 19, 1954.

*Cohen, Roberts & Kohler,* for plaintiff in error.

*Brown & Shoob,* contra.

GARDNER, P. J. 1. The general grounds are abandoned. The special grounds and the objections thereto are: "Ground 1. Because the plaintiff was allowed by the court to place an employee and witness of the defendant on the witness stand for the purpose of cross-examination prior to his direct examination by defendant's attorney. Movant objected to this procedure as soon as and at the time plaintiff sought so to do. The following

took place: 'Mr. John B. Lambert, called by the plaintiff for the purpose of cross-examination, testified as follows: Cross-examination by Mr. Shoob. Q. What is your name? A. John B. Lambert. Q. What is your position with the Terminal Transport Company? A. Shop superintendent in Atlanta. Mr. Roberts: I make objection to Mr. Lambert being put up for cross-examination. He is not an officer of the corporation. He is just a witness for the defendant. He would have to be put up on direct examination. The Court: The rule extends only to an adverse party. Mr. Shoob: Under Code Section 38-1801, as amended, I have a right to put the agent of the corporation up on cross-examination. I am entitled to a thorough and sifting cross-examination. The Court: I will let you have it, but you will have to lay the foundation and show that he comes under the exception. Q. What is your position with the defendant? A. Shop superintendent. Q. What are your duties in connection with that position? A. To maintain a certain number of trucks, tractor type trucks and trailers stationed in Atlanta. Q. You have control and supervision of these repair jobs and the work to be done on these trucks? A. I am in Atlanta under our maintenance superintendent in Nashville. Q. You are authorized to repair these trucks and have work done on the motors? Is that right? A. That's right. The Court: I think that constituted him an agent instead of a servant. There is no such thing in the law as an employee. He is either agent or servant. I will let you examine him only as an adverse party.'

"The evidence was material, prejudicial, and hurtful to movant for the reason that its principal witness was subjected to cross-examination prior to the direct examination and prior to the presentation of the case of plaintiff and was bound to have a prejudicial effect on the jury.

"Ground 2. Because the court erred in giving the following charge to the jury: 'Now, gentlemen, in the absence of any warranty this defendant, when it engaged the plaintiff to do this repair work, had a right to reasonable skill and diligence in the accomplishment of the work. It is implied by law that the work will be accomplished with that degree of skill and diligence that is usually employed by artisans or workmen in this vicinity,

supplemented by an express agreement, the effect of which was to limit the warranty as to time and as to the number of miles traveled. I have already given you in charge the express warranty which will govern in this case, that is, the ninety-day period and the 4,000 miles, whichever occurs sooner. I charge you that the warranty is effective in this case, both as to time and as to number of miles traveled, since it is the contention of both parties that if any breach of duty on the part of the plaintiff occurred, it was after more than ninety days and within the specified mileage.'

"Movant avers that said charge was erroneous, not sound as an abstract principle of law, did not correctly state the contention of both parties and had the effect of directing the jury to find for the plaintiff. Movant also avers that the said charge was confusing to the jury and misleading to the jury because it instructed the jury, in effect, that if any breach of warranty occurred, it occurred after the ninety days had expired and this was contrary to the evidence in the case.

"Ground 3. Because the court erred in giving the following charge to the jury: 'Gentlemen, I charge you that in the event you find that there was a breach of warranty, under the pleadings in this case you could not find a partial breach. It is either a total breach or no breach at all. There is no middle ground under the pleadings in this case. Therefore, if you find that there was a total breach, it would be your duty to find in favor of the defendant against the plaintiff in the sum of $74.29. Your verdict will be as you may find the facts, either: "We, the jury, find for the plaintiff $1,042.37," or: "We, the jury find in favor of the defendant and against the plaintiff on its cross-bill the sum of $74.29." The peculiar issues in this case will permit only one of these verdicts and it is for you to determine, from the evidence in the case, which verdict ought to be entered in the case.'

"Movant avers that said charge was erroneous because it was not sound as an abstract principle of law, it was confusing to the jury, was misleading to the jury, and was also erroneous for the reason that it restricted the jury to only two verdicts, whereas the evidence and pleadings demanded a charge under which the jury could have found a verdict for the plaintiff on one engine and for the defendant on the other."

In special ground 1, it is contended that the court committed reversible error in allowing the plaintiff to place Landers on the witness stand for the purpose of cross-examination at the opening of the evidence, and that the testimony of Landers was not sufficient to show that he was the agent of the defendant so as to come within Code (Ann. Supp.) § 38-1801. The defendant calls our attention in connection with the Code section to the following cases: *Ninth Dist. Agricultural &c. School* v. *Wofford Power Co.*, 37 *Ga. App.* 271 (139 S. E. 916), and *Amicalola Marble & Power Co.* v. *Coker*, 111 *Ga.* 872 (36 S. E. 950). It will be noted that those decisions deal with questions of agency by a declaration of the agent. We do not understand that agency cannot be proved by the agent's sworn testimony. We think it can. In this connection, see *Friese* v. *Simpson & Harper*, 15 *Ga. App.* 786, 788 (84 S. E. 219), wherein it is said: "While agency can not be proved by mere unsworn declarations of one who assumes to be an agent, it is equally well settled that one, as a witness, may testify whether he was or was not in fact an agent in a particular transaction, where the issue of agency is involved." Counsel for the defendant overlooks the distinction between unsworn declarations as contemplated by Code (Ann. Supp.) § 38-1801, and direct testimony by the agent himself. This ground is not meritorious.

Special grounds 2 and 3 of the amended motion for a new trial are incomplete within themselves, in that they do not specify the parts of the pleadings and evidence therein referred to, and it is impossible to decide the same without reading the entire brief of evidence, for which reason they present no question for decision by this court.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*