## 19301. Gay v. Mayor &c. of Lyons et al.

Hawkins, Justice. This is the third appearance of this case in this court. For a statement of the nature of the case see *Gay* v. *City of Lyons*, 209 *Ga.* 599 (74 S. E. 2d 839); *Gay* v. *City of Lyons*, 210 *Ga.* 761 (82 S. E. 2d 817). Upon the trial of the case before a jury, a verdict was rendered in favor of the defendants, and to the overruling of the plaintiff's motion for a new trial as amended, he excepts. *Held:*

1. The zoning ordinance here involved is not null and void because violative of the due-process and equal-protection clauses of the Federal and State Constitutions. *Howden* v. *Mayor &c. of Savannah*, 172 *Ga.* 833 (159 S. E. 401); *Schofield* v. *Bishop*, 192 *Ga.* 732 (16 S. E. 2d 714). Nor does it fail to meet the requirements of a comprehensive zoning plan as provided for by the Zoning Act of 1946 (Ga. L. 1946, p. 191; Code, Ann. Supp., Chapter 69-8), because it fails to make specific provision for all of the restrictions upon the use of property authorized by that act. *Taylor* v. *Shetzen*, 212 *Ga.* 101 (90 S. E. 2d 572), and cases there cited.

2. It appearing from the record that on June 14, 1952, the Mayor and Council of the City of Lyons began the process of zoning the property within the city in conformity with the Zoning Act of 1946, supra, by the adoption of a resolution to that effect, and by creating a Municipal Planning Board, a Board of Adjustment, and the naming of three members to each of said boards; that the Municipal Planning Board had prepared a tentative zoning plan and map on July 16, 1952, which was advertised and posted as required by the Zoning Act, and a public hearing was held by the Planning Board on August 4, 1952, at which time the plaintiff appeared and filed written objections thereto as applied to the lot here in question, which were disallowed by the Planning Board, and which zoning plan was adopted by the Planning Board and certified to the Mayor and Council on that date; that the City Council had a public

hearing on the tentative plan, as required by the Zoning Act, on August 22, 1952, at which time the plaintiff appeared and filed written objections thereto, which were considered and rejected, and the tentative zoning plan was enacted into a zoning ordinance on that date—it cannot be held that the zoning ordinance thus adopted is null and void as being in violation of the Federal and State Constitutions (Code, Ann., §§ 1-128, 2-302), prohibiting the enactment of an ex post facto or retroactive law, as applied to the plaintiff's formal application for a building permit under an ordinance of the city of 1926 requiring a building permit for the construction of any building within the municipality, which application was filed by the plaintiff on July 1, 1952, during the pendency of the proceedings to zone the property within the city.

3. Whether or not the failure of the municipal authorities to grant to the plaintiff a building permit upon his application therefor, filed on July 1, 1952, where proceedings to zone the city had been instituted by the municipal authorities on June 14, 1952, and finally adopted on August 22, 1952, and whether the zoning of the plaintiff's lot for residential purposes only, was arbitrary, capricious, and unreasonable, because of its location, character, the surrounding conditions, circumstances, and the difference in value for residential and business purposes, were questions of fact to be determined by the jury under all of the evidence in the case; and this court cannot hold that the trial judge erred in overruling the general grounds of the motion for a new trial complaining of the verdict in favor of the defendants rendered by the jury on conflicting evidence. *Howden* v. *Mayor &c. of Savannah,* 172 *Ga.* 833, 844 (159 S. E. 401), supra; *Orr* v. *Hapeville Realty Investments,* 211 *Ga.* 235, 240 (85 S. E. 2d 20); *Smith* v. *Merck,* 206 *Ga.* 361 (4) (57 S. E. 2d 326).

4. While we have been unable to find any decision of this court dealing with the precise question here presented, and none has been cited by counsel, and the decisions from other jurisdictions seem to be in conflict, the greater weight of authority is to the effect that mandamus directing the issuance of a building permit will be refused notwithstanding the application for the permit was made prior to the adoption of the zoning ordinance prohibiting the contemplated structure, and even though the ordinance was enacted after the institution of a mandamus proceeding to compel the issuance of the permit: 58 Am. Jur. 1066, §§ 239, 240; Annotations in 86 A. L. R. 680, and 169 A. L. R. 584. Where, as here, a mandamus proceeding was not instituted until after the adoption of the zoning ordinance prohibiting the contemplated structure, mandamus should be refused, for mandamus proceedings, when instituted, do not relate back to the time of the accrual of a right thereto, and the duty to be enforced must be a duty which exists at the time when the application for mandamus is made or the writ is granted. *Gay* v. *City of Lyons,* 210 *Ga.* 761 (82 S. E. 2d 817).

5. Applying the rulings here made to the special grounds of the motion for a new trial, complaining of the failure of the trial judge to give in charge to the jury certain written requests, and of the charges given, they are without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 9, 1956—DECIDED MAY 14, 1956—
REHEARING DENIED JUNE 14, 1956.

*Jackson & Graham,* for plaintiff in error.
*Alvin L. Layne, T. Ross Sharpe, J. Ellis Pope,* contra.