20255. STATE OF GEORGIA ex rel. BOARD OF PUBLIC
EDUCATION FOR THE CITY OF SAVANNAH AND
THE COUNTY OF CHATHAM *v.* JOHNSON,
Tax Commissioner.

ARGUED OCTOBER 15, 1958—DECIDED DECEMBER 5, 1958.

*Lawton, O'Donnell, Sipple & Findley*, for plaintiff in error.
*George W. Williams, John J. Bouhan*, contra.

HEAD, Justice. All duties formerly discharged by the Tax Receiver and Tax Collector of Chatham County were consolidated under the act creating the office of Chatham County Tax Commissioner, approved February 8, 1955 (Ga. L. 1955, pp. 2210-2216). Code § 92-6902, as amended by an act approved March 9, 1945 (Ga. L. 1945, pp. 423-424), provides that, within ten days after the first day of April of each year, the tax receiver of each county shall present the tax returns of the county for the current year to the county board of tax assessors for examination and revision. Code § 92-6917, as amended by an act approved March 8, 1945 (Ga. L. 1945, pp. 251-252), provides that the county board of tax assessors shall complete its revision and assessment of the returns of the taxpayers by June 1 of each year, and that the tax receiver shall then immediately forward one copy of the completed digest to the State Revenue Commissioner for examination and approval.

It thus appears that the duties imposed by law upon the respondent pertaining to receiving tax returns and the duties imposed upon the Board of Tax Assessors of Chatham County should have been completed prior to the order of the court on April 21, 1958. On August 25, 1958, the date of the final judgment of dismissal, the judge of the superior court was without authority to enter any order directing the respondent to receive returns in any manner, or revise or change returns received

by him from taxpayers in Chatham County, for the year 1958.

It has long been the rule in this State that, when the time has passed for the discharge of the official duty sought to be compelled, mandamus will be denied. "Mandamus will not be granted when it is manifest that the writ would, for any cause, be nugatory or fruitless; . . ." Code § 64-106. "Where at the time an application for mandamus was heard by the judge of the superior court the time had passed within which the official duty, the performance of which was sought to be compelled, could be performed, the court properly denied a mandamus absolute. Mandamus will not be granted when it is manifest that the writ would, for any cause, be nugatory or fruitless." *Stacy* v. *Hammond*, 96 *Ga*. 125 (23 S. E. 77). See also *Commissioners of McIntosh County* v. *Aiken Canning Co.*, 123 *Ga*. 647, 653 (51 S. E. 585); *Smith* v. *Hodgson*, 129 *Ga*. 494, 497 (59 S. E. 272); *Kirkland* v. *Lowry*, 175 *Ga*. 240, 242 (165 S. E. 111); *Harmon* v. *James*, 200 *Ga*. 742, 743 (38 S. E. 2d 401).

The Judge of the Superior Court of Chatham County, being without authority on August 25, 1958, to compel other and different acts by the respondent with reference to the tax returns of the county for the year 1958, properly dismissed the petition. Whether the order of dismissal was based upon the renewed general demurrer to the petition as amended, or whether the judge dismissed it on his own motion for want of authority to grant the relief sought, is not material to the judgment rendered. A correct judgment is not erroneous because the judge may have entered it for reasons other than those which required the judgment.

This ruling might properly be said to dispose of the present case. It may be insisted, however, that, even though the time had passed for the relief sought in 1958, the judge should have retained jurisdiction so as to grant relief to the relator in 1959, or in some subsequent year. The acts sought by the relator to be required of the respondent must of necessity be performed under varying conditions as to the number of taxpayers seeking to make returns, and other conditions not readily anticipated. "While mandamus will lie to compel performance of specific acts, where the duty to discharge them is clear, it is not an ap-

propriate remedy to compel a general course of official conduct for a long series of continuous acts to be performed under varying conditions." *Jackson* v. *Cochran*, 134 *Ga.* 396 (67 S. E. 825, 20 Ann. Cas. 219). See also *Bahnsen* v. *Young*, 159 *Ga.* 256 (125 S. E. 459); *Atlanta Title & Trust Co.* v. *Tidwell*, 173 *Ga.* 499 (160 S. E. 620, 80 A.L.R. 735); *Richter* v. *Jordan*, 185 *Ga.* 39 (193 S. E. 871); *Murphey* v. *Brock*, 206 *Ga.* 9 (55 S. E. 2d 564).

The complaint that the respondent (whether on his own motion, or in conjunction with the tax assessors) entered certain property on the returns to be made by the taxpayers, would not of itself invalidate the returns. This procedure may well have been used to expedite a return of the taxpayer's property, but in any event, under Code § 92-5703, property subject to taxation is to "be returned by the taxpayers," and the taxpayer would not be relieved of his responsibility to return his property because it might appear that certain items of his property had previously been entered on his return.

The relator apparently concludes that, if no entries were previously made upon the taxpayer's return, and if the questions on the return were propounded by the respondent to the taxpayer, there might be a substantial increase in valuations. It does not necessarily follow that this would be the final result. Regardless of the valuations placed on the return by the taxpayer, it is the duty of the tax assessors of the county, in the first instance, to equalize returns of all taxpayers, and this might be done in some instances by increased assessments, and in other instances by lowered assessments. Finally, when the tax digest reaches the State Revenue Commisioner, he has a discretion in the acceptance of the digest of any county, and may require that valuations be increased or decreased upon the digest. Code § 92-7002; Ga. L. 1937-38, Ex. Sess., pp. 77, 86 (Code, Ann., § 92-8415). Certainly the trial judge in a mandamus proceeding against the respondent would not be vested with any authority to control the discretion vested in the tax assessors of the county, and the State Revenue Commissioner of Georgia.

*Judgment affirmed. All the Justices concur.*