### 20427. MOON *v.* MOON *et al.*

HAWKINS, Justice. This was an action for an accounting, filed on January 2, 1958, in the Superior Court of Elbert County, by Joseph Carroll Moon, against his father and guardian, Aubra Moon, and Bert S. Barger, the surety on the guardian's bond. It is alleged: on April 20, 1953, the plaintiff, who was born June 3, 1936, was the driver of a truck which was involved in a train collision, in which accident he sustained certain serious injuries. Thereafter, suits were instituted by the father, Aubra Moon, against the railroad, which resulted in cash settlements of $6,000 for his minor son, and $4,000 for himself for the loss of his son's services. On October 5, 1953, the father qualified as guardian of his son, and posted a bond of $12,000, with Bert S. Barger as surety, on which date he applied to and secured the approval of the ordinary to disburse $1,500 of the $6,000 as counsel fees for having filed suit and secured a settlement. The guardian then applied for approval to disburse $2,741.72 in payment of hospital, doctor, nursing, and drug bills, which was sanctioned by the ordinary on October 15, 1953. On application, the ordinary also approved, beginning with the month of October, 1953, the encroachment on the corpus of the son's estate in the sum

of $75 per month for the support and maintenance of the ward. Later, on February 3, 1954, the ordinary approved the payment of $200 to a kidney specialist for medical services rendered the ward. The petition also alleges that up to January 2, 1958, the guardian had not filed for approval any annual returns, and refused to give the plaintiff, who had married on February 1, 1956, and thus become emancipated, or his attorney, an accounting, and that it was the duty of the guardian, by reason of the termination of his guardianship on February 1, 1956, to turn over to the plaintiff the corpus of his estate, less lawful and legal deductions to which the defendant guardian might have been entitled. The petition further alleges that the defendant guardian, Aubra Moon, is insolvent. The prayers were for a "full, complete, just and correct accounting from the defendant guardian and his surety." By amendment filed January 14, 1959, the plaintiff attaches to and makes a part of the petition an exhibit designated as a final return of the guardian, filed with the ordinary January 9, 1958, and approved by him on February 3, 1958, listing total receipts of $6,000, and total itemized disbursements of $6,045.20, which includes a statement that "Aubra Moon, as guardian of J. C. Moon, was entitled to 5% . . . ($300) as commission as guardian, but did not take same." This final return lists 34 vouchers, showing the amount of each and to whom paid. On January 16, 1959, defendants filed a renewed general demurrer to the petition as amended, which was sustained by the trial judge on January 23, 1959, and the petition dismissed. The exception is to this judgment. *Held:*

1. While Code § 49-236 provides that, "When any guardian shall fail or refuse to settle and account with his ward upon his coming of age, such ward may institute his suit in the first instance against his guardian and sureties without first suing his guardian," yet, where, as in this case, a duly qualified guardian, under $12,000 bond, had not "filed for approval any annual returns," the ward should have applied to the ordinary, instead of the superior court, for the relief he was seeking, since Code § 49-301 provides that, "A ward, on arriving at majority . . . may apply to the ordinary for an order requiring the guardian to appear and submit to a settlement of his accounts." See *Hood* v. *Perry*, 73 *Ga.* 319 (1b); *Lester* v. *Toole*, 20 *Ga. App.* 381, 390 (93 S. E. 55);

*Weldon* v. *Patrick,* 69 *Ga.* 724; *Morrison* v. *McFarland,* 147 *Ga.* 465 (2) (94 S. E. 569); *Ponder* v. *Ponder,* 198 *Ga.* 781 (1) (32 S. E. 2d 801); *Salter* v. *Salter,* 209 *Ga.* 511 (2) (74 S. E. 2d 241); *Prine* v. *Mapp,* 80 *Ga.* 137 (3) (5 S. E. 66); Code § 49-231.

2. An amendment to the petition filed December 20, 1958, alleges: "Answering paragraph 27 of the amended plea and answer of these two defendants, plaintiff shows that to obtain their discharge from the court of ordinary while this suit was pending against them in superior court . . . amounted to the practice of a bold and naked fraud on the Court of Ordinary of Elbert County for which reason the alleged and purported discharge was null, void and a nudum pactum and subject to cancellation." Since this case is here on demurrer, the plea and answer is not a part of the record, and even if it were, we could not consider it in passing on the question of whether or not the petition stated a cause of action. Furthermore, the plaintiff by this amendment is attempting to attack a discharge of the guardian, which was procured after his original petition for an accounting was filed; and, as was said in *Mitchell* v. *Mitchell,* 201 *Ga.* 621, 627 (40 S. E. 2d 738): "Whether or not the petitioner is entitled to the equitable relief here sought is to be determined under the facts existing at the time of the filing of the suit," since "It is a rule of law to which there is, perhaps, no exception, either at law or in equity, that to recover at all there must be some cause of action at the commencement of suit." *Wadley, Jones & Co.* v. *Jones,* 55 *Ga.* 329, 330. "Where there is no cause of action at the commencement of the suit, there can be no recovery, although one accrue, respecting the same subject-matter, while the suit is pending." *Cooley* v. *Enzor,* 190 *Ga.* 290 (2) (9 S. E. 2d 277).

3. The original petition in this case merely sought an accounting of a ward's estate by his guardian, which could have been obtained through the ordinary under Code § 49-301, and by amendment to the petition the plaintiff shows, not only that a final, itemized return has been filed with and approved by the ordinary (which, in effect, is the accounting he was seeking), but that the guardian has been discharged. Accordingly, the trial judge did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 13, 1959—DECIDED MAY 8, 1959—REHEARING DENIED JUNE 5, 1959.

*Joseph B. McGinty*, for plaintiff in error.
*Stapleton & Williford*, contra.