22834. HOWARD SIMPSON REALTY COMPANY v. CITY OF MARIETTA et al.

CANDLER, Justice. Howard Simpson Realty Company filed mandamus proceedings against the City of Marietta, its governing body and its engineer to compel the issuance to it of building permits. Its petition as finally amended alleges: Petitioner owns certain lands which were annexed to and became a part of the defendant city in 1959. Its lands are not zoned by the city for any particular use and petitioner desires to erect thereon four-family apartment buildings. It is the custom and uniform practice of the building trade and the office of the defendant city engineer that, when multiple unit buildings of a similar nature are to be constructed by one owner, an application for a building permit for only one building at a time will be made, and that periodic formal applications are made for permits on each building until permits are obtained for all buildings to be constructed by the owner of such property. The defendant city engineer requested petitioner to follow this custom and practice and petitioner for that reason did not present formal applications for all of the buildings it contemplated building on its property. The defendant city engineer was fully apprised of and knew that petitioner was planning to build multiple unit apartments on its lots and at no time did such city engineer or any member of his staff intimate to petitioner that building permits would be refused when applied for but to the contrary that they would be granted as formal applications were made therefor. In accordance with and pursuant to the sole requirements of an ordinance of the defendant city, petitioner on May 5, 1963, applied to the city's engineer for a permit to construct a four-family apartment on lots 18 and 20 of its property and paid to the city the amount required for such a permit. In compliance with its application, petitioner, as it was required

to do, filed with the city's engineer plans and specifications for the building it desired to erect and such plans and specifications were approved by the city's engineer. Its application for such permit was refused by the city's engineer, and on appeal therefrom the defendant city's mayor and council sustained and followed his action and refused to grant the permit for which he had applied. At the time petitioner applied for and was denied a building permit on lots 18 and 20, petitioner informed the city's engineer that as soon as plans and specifications were completed for apartments it intended to construct on its other lots in the City of Marietta formal application would be made for like building permits and the city's engineer then informed petitioner's agent Howard Simpson that the City of Marietta would also refuse to issue building permits for the construction of apartment units on petitioner's other lots because they were not zoned. On June 8, 1963, the defendant City of Marietta on its motion initiated proceedings to zone all of petitioner's property for single family dwelling use and advertised such proceeding for a public hearing. Prior to such hearing and on June 13, 1963, petitioner applied for permits to erect four family apartment buildings on its other lots and in connection therewith it submitted plans and specifications for such buildings which the city's engineer stated were in proper form for securing building permits. At the same time petitioner paid to the defendant city the sum of $2,653—the amount fixed by the defendant city as the fees for such permits—which sum the city accepted, and refused to grant the requested permits. The refusal to grant the permits applied for and the proceedings instituted by the defendant city to zone petitioner's property for single-family dwelling use offend enumerated provisions of the Constitution of Georgia and the Constitution of the United States in that such action deprives petitioner of the right to use its property for a lawful purpose. The prayers were for a rule nisi, that upon hearing the mandamus be made absolute, and that the defendants be enjoined from zoning petitioner's property to any use which would prohibit the construction of apartment buildings thereon. A general demurrer to the mandamus petition was sustained and the exception is to that judgment. *Held:*

To entitle one to the writ of mandamus, it must appear from the petition therefor that the applicant has a clear legal right

to have performed the particular act which he seeks to have enforced. *Code* § 64-101. The petition in this case clearly shows that the applicant would be entitled to the permits applied for when its plans and specifications for the proposed buildings had been filed with and approved by the city's engineer and when the required fees for such permits had' been paid to the defendant city by the applicant. See *McWhorter v. Settle,* 202 Ga. 334 (2) (43 SE2d 247) ; and *City of Pearson v. Glidden Co.,* 205 Ga. 738, 743 (55 SE2d 125). As shown by our statement of the case, the only reason given by the defendants for their refusal to issue the permits applied for in the instant case is the intention of the defendant city to zone the petitioner's property for a different use. Under the unanimous and therefore controlling ruling of this court in *City of Decatur v. Fountain,* 214 Ga. 225 (1) (104 SE2d 117), this is not a valid reason for refusing to grant the permits applied for. When the allegations of the petition in the instant case are tested by the rule announced in the *Fountain* case, supra, we hold that the petition stated a cause of action for the relief sought; and since it did, the dismissal of it on general demurrer was erroneous. In this connection, see *Cooley v. Enzor,* 190 Ga. 290 (1) (9 SE2d 277), where it was held by a full bench that one owning property in an area which had been zoned for residential use only could, until such zoning regulation became effective, erect a filling station on his property, unaffected by the restriction imposed on it by such zoning law.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., who dissents.*

ARGUED FEBRUARY 8, 1965—DECIDED FEBRUARY 23, 1965—
REHEARING DENIED MARCH 16, 1965.

*Reed, Ingram & Flournoy, Edwards, Bentley, Awtrey & Parker, A. Sidney Parker,* for plaintiff in error.

*Ben F. Smith,* contra.

DUCKWORTH, Chief Justice, dissenting. I readily concede that the decisions in *Cooley v. Enzor,* 190 Ga. 290 (9 SE2d 277), and *City of Decatur v. Fountain,* 214 Ga. 225 (104 SE2d 117), come close to requiring the decision of the majority. But I believe they are distinguishable on their facts. I would, however, prefer to overrule them in so far as they might hold the govern-

ing authorities, invested with authority and a duty to zone lands to specified uses, must, despite the fact that they are in the process of zoning, grant a building permit to an individual to construct a building for a different use on land embraced therein.

The basic reason for my dissent is that mandamus will not issue unless, at the time of issue, the law imposes a plain duty upon the public official to act. *Gay v. City of Lyons*, 210 Ga. 761 (82 SE2d 817). The zoning procedure requires notice and hence can not be completed in an hour. When decided upon and procedures are put in motion, as here, to zone to residence uses, courts should not by mandamus force the officials to issue a permit to erect apartment houses in the same area. Such a rule puts in the hands of one disgruntled person the power to completely thwart the will of the public, thereby nullifying the zoning law which is authorized by the Constitution. All property is held subject to the zoning law, and the public has a right to have the zoning laws executed.