43037. CAMBRON v. COGBURN et al.

Argued September 6, 1967—Decided September 26, 1967.

374

*Duncan & Gary, Vernon W. Duncan,* for appellant.

*Edwards, Bentley, Awtry & Parker, Scott S. Edwards, Jr., Raymond M. Reed,* for appellee.

FELTON, Chief Judge. The only questions necessary for a decision in this case are (1) whether the evidence offered by the plaintiff and ruled out by the court was admissible and sufficient to show that at the time of the collision Hollis Ed Cockrell was the agent of M. F. Jones and acting in the prosecution of Jones' business, and (2) whether the act of Jones in illegally lending a dealer's tag to Cockrell estopped Jones from denying that Cockrell was his agent.

■ The testimony offered to prove that the truck operated by Cockrell belonged to Jones and that Cockrell was the agent of Jones was inadmissible for that purpose. It was sought to be proved by witnesses at the scene of the collision that Cockrell stated some ten to fifteen minutes after the collision that the truck he was operating belonged to Jones. Such testimony was not admissible. It was not a part of the res gestae. It was not spontaneous and was not the kind of statement included in the res gestae principle. Even if the statement was res gestae the testimony would not have been admissible because the rule forbidding the proof of agency by the mere declaration of an agent applies to res gestae statements. *Franklin County Lmbr. Co. v. Grady County,* 133 Ga. 557 (1) (66 SE 264). To authorize a prima facie finding of agency the proof would have had to show that Cockrell was an agent of Jones and was driving Jones' truck. Then the burden would be on Jones to rebut the prima facie showing of agency at the time of the collision. The proof of agency by the declaration of an agent alone is not permissible. See *Bell v. Washam,* 82 Ga. App. 63 (60 SE2d 408). The proffered testimony that Cockrell stated that he was delivering the truck to Jones was for the same reason inadmissible to show the fact. In addition, if the fact was admitted it alone would not show agency. If the truck belonged to Jones and it was being returned to Jones, these facts alone would not show liability as to Jones because Jones would not be liable for lending a truck to Cockrell to use for his own purposes unless Jones knew Cockrell to be an incompe-

tent driver and there is no such allegation in the petition. If Jones owned the truck and it was being used in Jones' business as automobile dealer the permission for Cockrell to use the dealer's tag would not have been illegal. Jones testified that he did not own the truck but did lend the dealer's tag to Cockrell because he wasn't able to buy a tag. Testimony was offered to the effect that one of the persons at the scene of the accident, shortly after it occurred, telephoned Jones and told him of the collision and that the driver had said the truck belonged to him (Jones) and that Jones did not deny that the truck was his. The refusal to deny ownership of the truck does not estop him to deny ownership. He owed no one a duty to admit or deny it. No one acted on the strength of it. The proffered testimony showed that Jones did not say anything to indicate that he did not own it and that Jones led the person telephoning him to believe that he did own it. This testimony was a pure conclusion, had no probative value and was properly excluded from evidence. The same holding applies to the exception to the exclusion of an officer's report where the officer testified. (The report was also inadmissible for other reasons not necessary to discuss.)

■ The plaintiff contends that M. F. Jones is liable for the negligence of Cockrell by reason of the fact that Jones illegally permitted Cockrell to use Jones' dealer's tag on the theory that Jones is estopped to deny the ownership of the truck in violation of Ga. L. 1963, p. 529 (*Code Ann.* § 68-213). Reese v. Reamore, 292 N. Y. 292 (55 NE2d 35) is cited as authority for the position taken. That case held that the dealer was estopped to deny the ownership of the vehicle. However, mere ownership of the truck is not sufficient under Georgia Law to establish liability. There must be proof of agency to establish liability except where the turning of the vehicle over to an incompetent driver is involved. The license certificate law is a revenue measure and provides a criminal penalty against the dealer. A consequence of a violation such as we have in this case is not that the dealer is liable as a matter of public policy for the negligence of a driver of a vehicle to whom the dealer has illegally provided a dealer's tag. Such a consequence does

not follow from the driving of a vehicle without a license or the lending of a vehicle without a license, etc., because the illegality of the use does not constitute the proximate cause of the damages. No such legal consequence of the violation of a statute can be held to be the intention of the General Assembly without specific provision therefor upon the principles of the public policy of the state.

It is not necessary to pass upon other enumerations of error.

The court did not err in directing a verdict in favor of M. F. Jones or in overruling the plaintiff's motion for a new trial.

*Judgments affirmed.  Hall and Eberhardt, JJ., concur.*