## 33657. SKRINE et al. v. KIM.

MARSHALL, Justice.

The appellee Kim filed a petition for writ of mandamus in the Fulton Superior Court seeking to compel the Georgia Board of Nursing, one of the appellants, to issue her a nursing license. The superior court granted the relief prayed for by Kim, and the board

appeals. We reverse.

In 1971, the board instituted a "pilot project" under which 30 Korean nurses, who had graduated from Korean nursing schools and who were certified as nurses in Korea, were granted temporary nursing permits, and eventually permanent nursing licenses, without having to take a nursing examination. The appellee, Kim, also a Korean national, was living in Atlanta and working in South Fulton County Hospital in 1971. She took the Georgia nursing examination in that year and failed it. She became aware of the "pilot project" and sought admittance into it in 1972. Even though she had graduated from nursing school in Korea and was a certified nurse in that country, she was denied admittance because she had taken the nursing examination in Georgia and failed it. Kim took the nursing examination on two subsequent occasions and again failed it. She continued working in the Fulton hospital, and there appears to have been a good deal of confusion on everyone's part as to whether she was a participant in the "pilot project." The board steadfastly refused to license her as a nurse until she passed the nursing examination, and in 1977 she instituted the present mandamus action.

However, it was only under the provisions of former Code § 84-1015 (Ga. L. 1910, p. 128; as amended, Ga. L. 1974, p. 496) that the board was granted authority to issue nursing licenses to graduate nurses of a foreign country without the necessity for those nurses to pass the nursing examination in Georgia. In order to be eligible for certification under former Code § 84-1015, the foreign nurses must have graduated from nursing school in a foreign country and the nurses must have been certified as nurses by a foreign country with standards equivalent to Georgia's.

In 1975, former Code Ch. 84-10 was repealed in its entirety by Ga. L. 1975, p. 501 et seq., and a new Code Ch. 84-10 was substituted therefor. Former Code § 84-1015 was not reenacted, and since the effective date of the 1975 Act, the board has been without statutory authority to issue permanent nursing licenses to any nurse unless the nurse has passed the Georgia nursing examination. See

Code Ann. § 84-1008 (b) (1) (A) (Ga. L. 1975, pp. 501, 508); Rules of the Georgia Board of Nursing, Par. 410-6-.01 (8). It necessarily follows that the trial court erred in issuing the mandamus compelling the board to grant the appellee a nursing license.

We, therefore, do not reach the question of whether the action of the board in denying Kim admittance to the pilot project and refusing to grant her a nursing license prior to 1975 constituted a denial of equal protection, as found by the trial court. For, even if it did, by the time Kim filed her mandamus action in 1977 the board was without authority to rectify the alleged constitutional deprivation by issuing her the license without her having passed the nursing examination. "It has long been the rule in this State that, when the time has passed for the discharge of the official duty sought to be compelled, mandamus will be denied . . . 'Where at the time an application for mandamus was heard by the judge of the superior court the time had passed within which the official duty, the performance of which was sought to be compelled, could be performed, the court properly denied a mandamus absolute. Mandamus will not be granted when it is manifest that the writ could, for any cause, be nugatory or fruitless.' *Stacy v. Hammond,* 96 Ga. 125 (23 SE 77)." *State of Ga. v. Johnson,* 214 Ga. 607, 611 (106 SE2d 353) (1958). Accord, *Hale v. Davison,* 231 Ga. 505 (202 SE2d 411) (1973); *Sauls v. Winters,* 215 Ga. 515 (1) (111 SE2d 41) (1959). "Mandamus proceedings, when instituted, do not relate back to the time of the accrual of a right thereto, and the duty to be enforced must be a duty which exists at the time when the application for mandamus is made or the writ is granted." *Gay v. Mayor &c. of Lyons,* 212 Ga. 438 (4) (93 SE2d 352) (1956).

*Judgment reversed. All the Justices concur.*

ARGUED JUNE 19, 1978 — DECIDED SEPTEMBER 5, 1978 — REHEARING DENIED SEPTEMBER 26, 1978.

*Arthur K. Bolton, Attorney General, John C. Jones, Staff Assistant Attorney General,* for appellants. *Thompson & Pace, Jacqueline Pace, George R. Salem,*

for appellee.