## 35725, 35726. CITY OF ATLANTA et al. v. LEAGUE OF WOMEN VOTERS OF ATLANTA-FULTON COUNTY, INC. et al.; and vice versa.

NICHOLS, Chief Justice.
The City of Atlanta and its city council appeal an order granting mandamus absolute requiring the city council to call a special election to fill a vacancy existing in the office of president of the city council.

Evidence presented to the trial court establishes without contradiction that in October of 1977, Mr. Carl Ware was elected by the voters of the city for a four-year term as president of the city council. He commenced

service in January, 1978, and continued to serve until August 27, 1979, on which date he delivered to the president pro tem and members of the council his letter of resignation "effective immediately subject to the will of the Council." Since August 27, 1979, he has not exercised any of the powers and duties of the office and has publicly renounced any intention of resuming the exercise of those powers and duties. On August 27, 1979, he and his staff removed all of his personal belongings from his desk and offices at city hall, and he held a press conference and gave a press release proclaiming that he was quitting the office effective immediately. He gave as his reason that he had accepted a position which would require his full time and attention and which would make it impossible for him to perform any of the duties of the office of president of the city council.

The city council, at a special meeting held on September 4, 1979, approved a resolution delaying acceptance of Mr. Ware's resignation until October 15, 1979. The effect of this delay, if valid, would be that the city council, rather than the electors, would fill the office because, under section 5-103 of the city charter, the vacancy would have occurred within two years of the next general election to be held on October 6, 1981. The League of Women Voters and certain of its members qualified to vote in a special election to fill the office filed their complaint on September 7, 1979, seeking mandamus absolute compelling the holding of a special election to fill the vacancy.

The trial court found as a matter of fact that the actions of Mr. Ware are to be equated with ceasing to perform the duties of the office within the meaning of Code Ann. § 89-501.7. He held as a matter of law that a vacancy existed in the office of the president of the city council as of August 27, 1979, and that section 5-103 of the city charter requires the council to call within 30 days from August 27, 1979, a special election to fill the vacancy. Since 30 days had not expired at the time of hearing, the court delayed entry of mandamus absolute until September 26, 1979, to give the council an opportunity to call a special election. When the council refused to call a special election within the 30-day period,

the trial court entered mandamus absolute requiring the calling of the election, then granted supersedeas. In Case No. 35725, the city appeals the grant of mandamus absolute. In Case No. 35726, the League cross appeals two evidentiary rulings. This court affirms in Case No. 35725 and dismisses Case No. 35726 as being moot.

1. In its first enumeration of error the city contends that the question of whether or not a special election should be held in these circumstances is a political question over which the courts of this state have no jurisdiction. Reliance is placed upon *Altman v. Cooper,* 212 Ga. 627 (94 SE2d 685) (1956), and similar cases in which unsuccessful candidates for primary elections or their supporters have sought the aid of equity to set aside the election results. Those cases are inapposite and do not control under the facts of this case. It long has been the law that mandamus will lie against municipal authorities to compel them to call an election when the duty to do so is clearly required of them by the municipal charter. *Comer v. Epps,* 149 Ga. 57 (99 SE 120) (1919); *Bd. of Commissioners of the City of Manchester v. Montgomery,* 170 Ga. 361 (153 SE 34) (1930);and *Edmondson v. Holt,* 176 Ga. 907 (169 SE 299) (1933). The first enumeration of error is without merit.

2. The city next contends, in essence, that the formal resignation of Mr. Ware was not effective under Code Ann. § 89-501(2) until it was accepted by the council. This argument ignores entirely the alternative provision found in Code Ann. § 89-501(7) to the effect that *all* offices in this state shall be *vacated* by the officeholder's "abandoning the office and ceasing to perform its duties, *or either."* (Emphasis supplied.) The evidence supports the finding of the trial court that the actions of Mr. Ware are to be equated with ceasing to perform the duties of the office within the meaning of Code Ann. § 89-501.7. The trial court correctly held, therefore, that the office was "vacant" within the meaning of section 5-103 of the charter. There is no merit in the city's second and third enumerations of error. *Shackelford v. West,* 138 Ga. 159 (74 SE 1079) (1912).

3. The city next contends that the case is moot because the city council cannot now be compelled to call

the special election within 30 days from August 27, 1979. The city's reliance upon *Skrine v. Kim,* 242 Ga. 185 (249 SE2d 534) (1978), is misplaced since in that case the duty to perform the act in question already had expired at the time the proceedings were instituted, whereas in the present case the petition was filed within 30 days following August 27, 1979, the period during which the city was required by its charter to call the election. As this court held in *Skrine,* supra, mandamus is available as a remedy where the duty to be enforced is one "which exists at the time when the application for mandamus is made or the writ is granted." 242 Ga. at 187. The fourth enumeration of error is wholly lacking in merit.

4. The fifth enumeration of error, contending that the trial court erred in failing to find as a matter of law that the city council acted properly in accepting the letter of resignation, has not been briefed or argued and is deemed abandoned. Rule 45.

5. Judgment in the main appeal, Case No. 35725, having been affirmed, the evidentiary rulings complained of in the cross appeal are moot and, accordingly, the cross appeal is dismissed.

6. The city has moved to supplement the record by introducing two checks allegedly payable to Mr. Ware and cashed by him which the city contends prove that Mr. Ware received his salary as president of the city council through October 15, 1979, and did not abandon his office or resign until October 15, 1979. The judgments of the trial court and of this court are not predicated upon resignation or abandonment of office; rather, that the office was vacant when Mr. Ware ceased performing the duties of office within the meaning of Code Ann. § 89-501.7 as of August 27, 1979. Accordingly, pretermitting all procedural issues relating to the way in which the city has sought to bring the issuance and cashing of these two checks before this court, we hold that this evidence does not bear upon the finding of the trial court that Mr. Ware ceased performing the duties of the office and could not, if introduced properly, affect the result in this case. No issue is presented as to whether or not the city is entitled to recover these sums.

*Judgment affirmed in Case No. 35725; cross appeal*

*dismissed in Case No. 35726. All the Justices concur.*

ARGUED NOVEMBER 13, 1979 — DECIDED NOVEMBER 21, 1979 —
REHEARING DENIED DECEMBER 4, 1979.

*Ferrin Y. Mathews, Isabel Gates Webster, Marva Jones Brooks, W. Roy Mays, III, for appellants.*
*Trotter, Bondurant, Griffin, Miller & Hishon, Emmet J. Bondurant, M. Jerome Elmore, for appellees.*