## S96A1277. SOUTHERN TAX CONSULTANTS, INC. v. SCOTT.
### (478 SE2d 126)

CARLEY, Justice.

In its purported capacity as agent for certain property owners, Southern Tax Consultants, Inc. (STC) presented for filing real property tax returns. DeKalb County Tax Commissioner Tom Scott refused to accept the returns, on the ground that STC had not submitted sufficient proof of its agency relationship with the property owners. STC then brought this mandamus action to compel Commissioner Scott to accept the returns. The trial court denied mandamus relief, and STC appeals.

OCGA § 48-5-15 (a) expressly authorizes the return of real property "by the person owning the real property or by his agent. . . ." (Emphasis supplied.) Since an agent is authorized to file a property tax return, tax officials must insure that a purported agent who attempts to file a return of real property is, in fact, authorized to act for the owner thereof. Prohibiting tax officials from requiring proof of agency would severely limit not only their initial ability to identify unauthorized returns, but also their subsequent ability to prove agency should that become necessary. OCGA § 48-5-19 requires that an oath be given by the purported agent. However, this oath, standing alone, would not constitute proof of agency against the property owner. It has long been the law of this state that the out-of-court declarations of a purported agent do not, without more, prove the existence of an agency relationship.

> "The agent certainly can not confer authority upon himself. Evidence of his own statements or admissions, therefore, is not admissible against his principal for the purpose of establishing, enlarging, or renewing his authority; nor can his authority be established by showing that he acted as agent or that he claimed to have the powers which he assumed to exercise." [Cits.]

*Jones v. Harrell*, 110 Ga. 373, 380 (4) (35 SE 690) (1900). The purported agent's out-of-court declarations are admissible only in corroboration of other competent evidence tending to establish the fact of agency. *Cambron v. Cogburn*, 116 Ga. App. 373 (1) (157 SE2d 534) (1967). Since the out-of-court oath required by OCGA § 48-5-19 is made by the purported agent himself, unless Commissioner Scott requires some additional proof of STC's agency at the outset, he would be at an evidentiary disadvantage in attempting to prove STC's agency should it later become necessary to bind the property owner to the representations in the return or to show the sufficiency of notice to the property owner. See *Davis v. Metropolitan Life Ins.*

*Co.*, 196 Ga. 304, 321 (3) (26 SE2d 618) (1943) (tax assessor could not prove agency by the out-of-court declarations of the alleged agent). Compare *Terminal Transport Co. v. Decatur Truck &c. Co.*, 90 Ga. App. 859, 864 (84 SE2d 494) (1954) (agency proved by in-court sworn testimony of purported agent).

No statute affirmatively authorizes tax officials to require proof of the purported agent's authority to act for the owner. However, no statute affirmatively precludes tax officials from doing so. By statute, Commissioner Scott is authorized to perform all duties "the law requires and which necessarily under the law appertain to [his] office. . . ." OCGA § 48-5-103 (10). According to Commissioner Scott's oath of office, he "will before receiving returns carefully examine each." OCGA § 48-5-101. In performance of this duty, Commissioner Scott undoubtedly has discretion to reject unsigned returns. Accordingly, we hold that, in the performance of this duty, Commissioner Scott likewise has the discretion to reject tax returns signed by a person other than the owner, absent proof of authorization.

"Mandamus will not be granted when the performance which was sought as an official duty can not be compelled under applicable statutory law." *State of Ga. v. Johnson*, 214 Ga. 607 (106 SE2d 353) (1958). Applicable statutory law does not require tax officials to accept property tax returns from purported agents without proof of agency. STC submitted no proof of agency with the returns which it presented for filing. Accordingly, the trial court correctly denied STC's petition for mandamus. See *Douglas v. Gibbs*, 147 Ga. 39 (1) (92 SE 754) (1917).

*Judgment affirmed. All the Justices concur, except Sears, J., who dissents.*

SEARS, Justice, dissenting.

I cannot agree with the majority's conclusion that the appellee tax commissioner has the discretion to require an agent to submit proof of an agency relationship with the property owner before permitting the agent to file a property tax return. The General Assembly has specified not only that an agent may file a real property tax return, OCGA § 48-5-15, but also how the agent will file the return — in the manner set forth in § 48-5-15 and by the oath specified in OCGA § 48-5-19. If the General Assembly had intended for the agent to be required to present proof of an agency relationship, the General Assembly easily could have, and presumably would have, made that an additional requirement for an agent to file a return.

Furthermore, that the General Assembly did not intend for tax commissioners to have the discretion to require proof of agency is demonstrated by OCGA § 48-5-103 (1), which provides that tax

receivers shall "[r]eceive all returns within the time and manner prescribed by law." This provision expresses the General Assembly's intent that the filing of returns will occur as prescribed by specific laws, and not as prescribed by rules created under the discretion of the various tax commissioners. As previously noted, §§ 48-5-15 and 48-5-19 prescribe the manner in which agents shall file returns, and § 48-5-103 (1) requires tax commissioners to receive returns filed according to those laws.

The majority errs in relying on OCGA § 48-5-103 (10) to hold that tax commissioners have the discretion to require proof of agency. That Code section provides that "[i]t shall be the duty of the tax receiver to . . . [p]erform all other duties the law requires and which necessarily under the law appertain to the office of tax receiver." There are several reasons why this statute does not grant tax commissioners the discretion that the majority assigns to it. The first is that such discretion is contrary to the specific laws discussed above. Clearly, § 48-5-103 (10) cannot be read to grant tax commissioners the authority to reject returns filed according to law.

Moreover, § 48-5-103 sets forth "duties" that tax commissioners "shall" perform, and § 48-5-103 (10), in relevant part, requires tax commissioners to perform "duties" "necessarily" required "under the law." That a tax commissioner's decision to require proof of agency is not a "duty" "necessarily" required "under the law" is demonstrated by the majority's concession that no statute requires agents to submit proof of agency and by the majority's recognition that a tax commissioner's decision to require proof of agency is merely discretionary. If it is a discretionary decision, then a tax commissioner may elect whether or not to institute the requirement. Such a decision is by definition not a "duty" "necessarily" required "under the law." In reality, the tax commissioner in this case has decided to require proof of agency because the tax commissioner has deemed it desirable. The tax commissioner does not have such discretion under the law.

Finally, permitting tax commissioners to have such discretion will inevitably lead to inconsistent filing requirements for the public, for, if the decision to require proof of agency is discretionary, nothing would prohibit a tax commissioner from exercising his discretion to require some agents to submit proof of agency while permitting others (perhaps those with whom the tax commissioner is familiar) to file without such proof.

For the foregoing reasons, I dissent to the majority opinion.

DECIDED NOVEMBER 25, 1996.

*Brenskelle & Perry, David P. Brenskelle, Brock E. Perry,* for appellant.

*Jonathan A. Weintraub, Kathleen A. Wasch, Joan F. Roach,* for appellee.